## WRIGHT v. LACY ET AL.

1. **Tax Sale:** STATUTE OF LIMITATIONS. The statute of limitations will not bar an action to quiet title by the holder of a tax deed who is in possession.

2. **Practice:** PARTY IN DEFAULT: OBJECTIONS. A party in default can only appear for the purpose of cross-examining the witnesses of the adverse party, and cannot object to the introduction of evidence.

*Appeal from Warren Circuit Court.*

MONDAY, OCTOBER 27.

THE petition stated that plaintiff was the absolute owner of certain described real estate; that the defendants claimed some interest therein by virtue of an alleged tax sale and deed; that the plaintiff was in the actual possession of the premises. The relief asked was that the tax sale and deed be declared void, and the title quieted in the plaintiff.

J. T. Lacy disclaimed having any interest in the premises, and Emily Lacy filed an answer and cross-petition in which she admitted the plaintiff was in possession of the premises, but averred that such "possession is that of this defendant, for that he is in possession of the same under and by virtue of a lease of the date of March 2, 1874, and which lease expires January 1, 1878."

The defendant claimed title under a tax deed filed for record October 30th, 1872, and further stated: "That defendant is now and ever has been in possession of the said premises," and asked that the title be quieted in her. The answer and cross-petition was filed in January, 1878.

To the cross-petition the plaintiff demurred on the ground that it appeared the cause of action therein stated was barred by the statute of limitations. The demurrer was overruled.

The plaintiff thereupon filed an amended petition. Afterward the plaintiff withdrew his original and amended petition, and refused to plead to the cross-petition.

There was a trial to the court on the cross-petition. Judgment for the defendant and plaintiff appeals.

*H. McNeil* and *Seevers & Malcolm*, for appellant.

*Henderson & Berry*, for appellee.

SEEVERS, J.—I. The appellant insists that his demurrer to the cross-petition was erroneously overruled. The cross-petition states that defendant is in possession of the premises, and that plaintiff makes some claim thereto. This the demurrer admits. Defendant did not seek to recover the premises, but to quiet the title. This, under the statute, she could do. Being in possession, the statute of limitations, invoked by the plaintiff, does not bar the action or relief asked in the cross-petition.

1. TAX SALE: statute of limitations.

II. The plaintiff on the trial objected to certain evidence introduced by the defendant, and his objection was overruled. Of this action of the court complaint is made. Being in default the plaintiff had no right to make such an objection. All he could do was to cross-

2. PRACTICE: party in default: objections.

examine the witnesses introduced by defendant. Code, section 2873. *Clute Bros. & Co. v. Hazleton,* 51 Iowa, 355, and authorities cited.

It is objected that no abstract of title was attached to the cross-petition, and, therefore, no evidence of title could be introduced on the trial. Being in default, the plaintiff cannot be permitted to make this objection.

Affirmed.