# IN THE COURT OF APPEALS OF IOWA

No. 20-0489
Filed September 1, 2021

**JOSE CALDERON, individually and as next friend to E.G. and A.G., and VERONICA GONZALES, individually and as next friend to E.G. and A.G.,**
    Plaintiffs-Appellants,

**vs.**

**SABER KHAN,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Jeanie Vaudt, Judge.

Appellants appeal the district court's ruling on their civil petition. **AFFIRMED AS MODIFIED IN PART, VACATED IN PART, AND REMANDED WITH DIRECTIONS.**

Benjamin Bergmann and Jessica Donels of Parrish Kruidenier Dunn Gentry Brown Bergmann & Messamer L.L.P., Des Moines, and Christopher Stewart of Gribble, Boles, Stewart & Witosky Law, Des Moines, for appellants.

Gregory G.T. Ervanian of Ervanian & Cacciatore, L.L.P., Des Moines, for appellee.

Considered by Bower, C.J., Mullins, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**MULLINS, Judge.**

Jose Calderon and Veronica Gonzales, individually and as next friends to E.G. and A.G., appeal the district court's ruling on their petition forwarding claims of (1) unfair and deceptive acts and practices, (2) breach of express warranty of habitability, (3) breach of implied and statutory warranty of habitability, and (4) declaratory and injunctive relief.  They claim (1) the court erred in dismissing counts one and two, as well as count four in relation to counts one and two; (2) the court's damages calculation on count three for past pain and suffering and emotional distress was not supported by substantial evidence; (3) the court erred in not awarding punitive damages; and (4) the court erred in only awarding one-half of their requested attorney fees.

I.      **Background**

The appellants' February 2018 petition alleged the following facts.  Nearly two decades ago, the appellants entered a one-year lease to rent an apartment from Saber Khan.  After expiration of the lease, the appellants remained in the apartment on a month-to-month basis.  In or about 2010, the appellants "began to notice infestations that included bed bugs, mice and cockroaches."  They immediately notified Khan of the infestations.  Khan took no action to remedy the situation.  On one occasion in 2017, Khan sent an exterminator, but the problems were not remedied.  Khan's failure to remedy the infestations caused the appellants and their children to suffer "bed bug bites, loss of sleep, anxiety, aggravation, inconvenience, emotional distress, health-related problems and loss of personal property."

According to the petition, the apartment was "constructively uninhabitable," "endangered the plaintiffs' well-being," "was in violation of housing and health and safety codes and had material defects rendering it unsafe or unfit for habitation," and Khan "knew of the infestations but claimed the apartment was inhabitable and . . . impliedly represented that the apartment was inhabitable without remedying the infestations." Khan also continued to collect full rent payments. The appellants alleged Khan "used unfair and deceptive acts and practices," and his actions "constituted willful and wanton disregard for the[ir] rights and safety." The petition also alleged the lease "included an express warranty of habitability," Khan had a contractual duty to remedy the infestations, and he materially breached the warranty by failing to do so. The appellants also claimed Khan failed to maintain fit premises as required by Iowa Code section 562A.15(1)(a)(2) (2018).

The appellants filed their petition in February 2018. For count one, they alleged Khan engaged in prohibited practices under Iowa Code chapter 714H, the Private Right of Action for Consumer Frauds Act. They requested an award of attorney fees pursuant to section 714H.5(2) and treble damages under section 714H.5(4). For count two, they alleged Khan breached an express warranty of habitability of the rental lease[1] and requested an award of damages under section 562A.21(2). For count three, they claimed Khan breached an implied and statutory warranty of habitability under section 562A.15(1)(a)(2) for failing to "make all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition." They likewise requested damages for this claim under

---

[1] The lease is not included in the record.

section 562A.21(2). For count four, the appellants requested declaratory and injunctive relief, namely that the court require Khan to remedy the infestation.

In May 2018, following unsuccessful attempts to serve Khan with the petition, the appellants filed a motion for additional time for service and alternate means for service. The request for additional time was granted, but the request for alternative means of service was denied. By September, the court entered an order authorizing the appellants to effectuate service by alternative means. In February 2019, the court entered an order confirming the appellants' compliance with alternative service and directing the matter to proceed. After the court entered an order finding compliance with service by publication, and absent an answer from Khan, the appellants filed a written application for default judgment. Following a hearing on the motion, the court directed the appellants to comply with the notice of intention to file a written application for default provisions contained in Iowa Rule of Civil Procedure 1.972(2) and (3).[2] They did so the following day and, more than ten days later, they filed a renewed written application for default requesting the court to enter a default judgment. *See* Iowa R. Civ. P. 1.972(1)–(2).

The matter proceeded to hearing in February 2020, at which Khan did not appear. Calderon testified to the nature of the infestations and explained Khan continued to collect rent of $475 per month until the appellants stopped paying two months before they vacated the premises in 2018. Also, a video of the nature of the infestation in the apartment was admitted as evidence. Calderon also

---

[2] *But see* Iowa R. Civ. P. 1.972(4)(d) ("The notice provisions of this rule shall not apply to a default sought and entered . . . [a]gainst any party claimed to be in default when service of the original notice on that party was by publication.").

explained the family suffered medical problems when they were living in the apartment, and they continued to suffer psychologically. He testified the family had to frequently replace clothing, costing roughly $5000.00, and furniture, costing roughly $9000.00. They also spent $600.00 to have the carpets replaced.

Following the hearing, the court found Khan to be in default. The court found credible evidence to be lacking as to the terms of the oral month-to-month lease agreement or "evidence to corroborate their testimony regarding pain and suffering and emotional distress." Apparently, the appellants requested damages in the amount of nearly $1,000,000.00 and attorney fees of $7012.50. The court found the appellants failed to prove their claims under counts one, two, and four, or their claim for punitive damages. However, the court awarded damages as to count three in the amount of $38,250.00.[3] The court also awarded the appellants attorney fees in the amount of $3506.25, which was one-half of what they requested.[4] The appellants appeal.

---

[3] This amount includes $600.00 for carpet replacement, $12,000.00 for replacement of clothing and furniture, and $25,650.00 attributable to fifty percent of rent payments over the last nine years.

[4] *But see* Iowa R. Civ. P. 1.975 ("No personal judgment shall be entered against a person served only by publication or by publication and mailing, as provided in rule 1.311, unless that party has appeared."). "[P]ersonal jurisdiction of [the] defendant cannot be acquired by a publication of notice, and . . . therefore no personal judgment could be entered against him." *Sec. Sav. Bank v. Cimprich*, 203 N.W. 24, 25 (Iowa 1925). That said, unlike subject matter jurisdiction, lack of personal jurisdiction is waived if not timely raised by the parties in the answer or in an amendment to the answer made within twenty days after service of the answer. *See* Iowa R. Civ. P. 1.421(1)(b), (4); *Meier v. Senecaut*, 641 N.W.2d 532, 541 n.2 (Iowa 2002).

## II.     Standard of Review

Our review of a ruling on default judgment is for legal error.  *See Gallagher, Langlas & Gallagher v. Burco*, 587 N.W.2d 615, 617 (Iowa Ct. App. 1998).  We review awards of punitive damages, or lack thereof, for an abuse of discretion. *Brokaw v. Winfield-Mt. Union Cmty. Sch. Dist.*, 788 N.W.2d 386, 395 (Iowa 2010). Attorney fee awards are also reviewed for an abuse of discretion.  *NCJC, Inc. v. WMG, L.C.*, 960 N.W.2d 58, 61 (Iowa 2021).

## III.    Analysis

### A.     Consumer Fraud and Express Warranty of Habitability

The appellants argue the court erred in dismissing counts one (consumer fraud), two (breach of express warranty of habitability), and four (declaratory and injunctive relief).

Because counts one and two were not for a sum certain, the court was authorized to order judgment be entered and then "hear any evidence or accounting required to warrant the judgment."  *See* Iowa R. Civ. P. 1.973.[5]  The court found Khan to be in default and adjudicated him as such.  In conjunction with the default hearing, absent an answer from Khan, the facts contained in the petition were deemed admitted, except for, among other things, "[a]llegations of value or amount of damage."  Iowa R. Civ. P. 1.405(3)(a); *accord Hallett Constr. Co. v. Iowa State Highway Comm'n*, 154 N.W.2d 71, 74 (Iowa 1967).  All that remained to be done at this point, aside from the order for and entry of default, was "the

---

[5] The appellants make no claim the court improperly failed to submit the matter to a jury based on their jury demand contained in the petition.  *See* Iowa R. Civ. P. 1.973(2).

determination of the amount of damages to be awarded." *Hallett*, 154 N.W.2d at 74.

On appeal, the appellants agree "the only issue to be decided at the February 7, 2020 hearing was damages" but complain "the district court went well beyond that, dismissing three of plaintiffs' claims and the request for punitive damages," which "led the district court to discount plaintiffs' claims for damages and attorneys' fees." But we interpret the district court's ruling to be a finding that the appellants failed to prove additional damages on the dismissed claims. All of the theories for relief were based on the same circumstances and resulting injuries. "A successful plaintiff is entitled to one, but only one, full recovery, no matter how many theories support entitlement." *Revere Transducers, Inc. v. Deere & Co.*, 595 N.W.2d 751, 770 (Iowa 1999) (citation omitted). "Duplicate or overlapping damages are to be avoided." *Id.* (citation omitted). The district court's dismissal of counts one and two amounted to a simple finding of the non-existence of any non-duplicative damages. And, except as is discussed below, the appellants do not complain of the award of monetary damages under count three based on the evidence presented. While the court characterized the claims as "dismissed," in reality the court did what the appellants claim it did not—determine "whether plaintiffs established their right to damages." We affirm on this point, but we vacate any dismissal language in the court's ruling and modify it to simply hold the appellants failed to show non-duplicative actual and compensatory damages on counts one and two that were not awarded under count three. We also note that, because the appellants had vacated the apartment by the time of trial, their request for declaratory and injunctive relief under count four was moot. *See In re Marriage*

*of White*, 912 N.W.2d 494, 498 (Iowa Ct. App. 2018) (noting an issue is moot when there is no remaining controversy between the parties).

### B. Past Pain and Suffering and Emotional Distress

The appellants argue the court's lack of award of damages for past pain and suffering and emotional distress is not supported by substantial evidence. While the appellants provided testimony on these points, they presented no monetary evidence of their alleged damages. As such, they are thus unable to even pinpoint an appropriate amount of damages on appeal, only arguing an award of "$0" was inappropriate. As the district court pointed out, "Plaintiffs offered no documentation or other credible evidence to corroborate their testimony regarding pain and suffering and emotional distress." Before the district court and on appeal, the appellants essentially ask us to pull a number out of thin air. We, like the district court, decline to do so, and we affirm on this point.

### C. Punitive Damages

The appellants also argue the court erred in denying their request for punitive damages. As to count one, the petition sought an award of treble damages under Iowa Code section 714H.5(4), alleging Khan's "actions constituted willful and wanton disregard for the rights and safety of the" appellants. The district court found the appellants failed to prove entitlement to punitive damages. Section 714H.5(4)[6] provides as follows:

> If the finder of fact finds by a preponderance of clear, convincing, and satisfactory evidence that a prohibited practice or act in violation of this chapter constitutes willful and wanton disregard for

---

[6] As noted, we vacate the dismissal language in the district court's order. We thus consider whether the appellants are entitled to their request for treble damages under section 714H.5(4).

the rights or safety of another, in addition to an award of actual damages, statutory damages up to three times the amount of actual damages may be awarded to a prevailing consumer.

Punitive damages require a showing of actual or legal malice. *Wolf v. Wolf*, 690 N.W.2d 887, 893 (Iowa 2005). The appellants submit the record discloses legal malice on the part of Khan. "[L]egal malice may be shown by wrongful conduct committed with a willful or reckless disregard for the rights of another." *Id.* (citation omitted). "[M]erely objectionable conduct is insufficient. . . . To receive punitive damages, plaintiff must offer evidence of defendant's persistent course of conduct to show that the defendant acted with no care and with disregard to the consequences of those acts." *Id.* (alteration in original) (citation omitted).

The appellants only requested treble damages under section 714H.5(4). They did not request freestanding punitive damages. As noted, section 714H.5(4) authorizes a discretionary award of treble damages for violations of chapter 714H. On appeal, the appellants only point us to alleged violations of chapter 562A, not chapter 714H or any of the other statutory provisions encompassed by chapter 714H. *See* Iowa Code § 714H.3. We will not formulate the basis for an argument as to a violation of chapter 714H, and we deem the argument as to treble damages waived. *See* Iowa R. App. P. 6.903(2)(g)(3) (requiring arguments in briefs to contain reasoning, citations to authorities, and references to pertinent parts of the record); *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments."); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits

of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume.").

D.    Attorney Fees

Lastly, the appellants complain the district court's attorney fee award was inadequate. The court found in favor of the appellants on their claim under chapter 562A, breach of implied and statutory warranty of habitability. A tenant may recover reasonable attorney fees in an action for a violation of section 562A.15. Iowa Code § 562A.21(2).

Here, the district court, without explanation, only awarded one-half of the fees requested. As Khan points out on appeal, the invoice submitted by appellants' counsel appears to reflect additional time billed in a separate forcible entry and detainer action, and we are unaware whether the district court took this point into consideration. Either way, without an explanation for its award, we are unable to assess whether the court abused its discretion in reaching its award. "[W]hatever methodology the court employs, it must provide in its order 'a concise but clear explanation of its reasons for the award.'" *Lee v. State*, 874 N.W.2d 631, 650 (Iowa 2016) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). We vacate the attorney fee award and remand the matter to the district court for reconsideration coupled with an explanation for the award. *See Smith v. Iowa State Univ. of Sci. & Tech.*, 885 N.W.2d 620, 627 (Iowa 2016).

**IV.    Conclusion**

We affirm the district court's ruling with the exception of the modifications noted in this opinion.  We vacate the attorney fee award and remand the matter to the district court for reconsideration coupled with an explanation for the award.

**AFFIRMED AS MODIFIED IN PART, VACATED IN PART, AND REMANDED WITH DIRECTIONS.**