DICKINSON COUNTY SAVINGS BANK
OF MILFORD, Iowa, Appellee,

v.

CRESCENT BEACH LODGE AND
RESORT, INC., Appellant.

No. 2-57710.

Supreme Court of Iowa.

Jan. 19, 1977.

Frank W. Pechacek, Jr., of Smith, Peterson, Beckman, Willson & Peterson, Council Bluffs, for appellant.

James C. Ladegaard, Spirit Lake, and Hubert H. Schultz, Primghar, for appellee.

Submitted to MOORE, C. J., and MASON, UHLENHOPP, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

This is an appeal by defendant from summary judgment entered for plaintiff on three promissory notes. The question presented is whether the trial court erred in entering judgment during a period allowed by another judge of the court for defendant to obtain new counsel. We reverse and remand.

Plaintiff Dickinson County Savings Bank brought the action in July 1973, seeking judgment against defendant on notes in the principal amounts of $5000, $1500 and $6500. Defendant Crescent Beach Lodge and Resort, Inc., filed an answer through its attorneys Prichard, Hanson, Doran & Bormann, denying that the notes were corporate obligations. On August 21, 1974, plaintiff filed a motion for summary judgment, supported by affidavit. By order entered the same date, Judge Edward F. Kennedy set the motion for hearing at 1:30 p. m. September 16, 1974.

On August 30, 1974, defendant's attorneys filed an application for permission to withdraw as counsel for defendant. The application was accompanied by written consent of defendant. On the same date, Judge Joseph R. Hand entered an order authorizing the withdrawal and reciting that defendant "is given thirty (30) days following the entry of this Order to secure counsel." By direction of the court, the clerk of court mailed copies of the order to plaintiff's counsel, defendant, and defendant's principal officers.

On September 16, 1974, plaintiff's counsel appeared at the time previously fixed for hearing on the motion for summary judgment. Defendant did not appear and was not represented at the hearing. The record does not show whether the trial court, Judge Kennedy, was aware of Judge Hand's order of August 30, although it was in the court file. Judge Kennedy sustained the motion and judgment was entered. This appeal followed.

Defendant contends Judge Kennedy erred in conducting the hearing on the motion for summary judgment during the period allowed by Judge Hand for defendant to obtain new counsel. We agree. We think the provision in the order of August 30 giving defendant 30 days to obtain coun-

sel implied that the hearing on the motion for summary judgment would be postponed.

The motion for summary judgment was the only matter pending at the time defendant's counsel withdrew. Defendant had not filed resistance to the motion. The obvious purpose of the court in giving defendant 30 days to secure counsel was to accord defendant an opportunity, with assistance of counsel, to resist the motion for summary judgment.

In applying to the court for authority to withdraw and in seeking an opportunity for defendant to secure new counsel, defendant's attorneys were undoubtedly mindful of DR 2–110(A)(2) Iowa Code of Professional Responsibility, which provides in part:

> * * * [A] lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, *allowing time for employment of other counsel,* delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules. (emphasis added).

See *In re Estate of Coffin*, 189 Iowa 862, 864, 179 N.W. 123, 124 (1920) ("On no conceivable provocation may an attorney withdraw his appearance without advising that that is his intention at such time as gives reasonable opportunity for the client to make a substitution.").

It is true the withdrawal of counsel did not create a new obstacle for plaintiff to overcome in order to receive summary judgment. See *Dealers Warehouse Co. v. Wahl & Associates*, 216 N.W.2d 391, 394 (Iowa 1974). However, the order giving defendant 30 days to secure new counsel was inconsistent with the earlier order fixing the hearing on the motion for summary judgment for a time within that 30-day period. Defendant's opportunity to obtain counsel would be meaningless unless it was the court's intention to delay the hearing on the motion for summary judgment until after that right was either exercised or waived. Because Judge Hand's order was not given its intended effect, the motion for summary judgment became a trap sprung on defendant without warning.

The case must be reversed and remanded to give defendant an opportunity to be heard in resistance to the motion for summary judgment.

REVERSED AND REMANDED.