**Jo Ann Marilyn GORDON, Appellee,**

**v.**

**Neil GORDON, Appellant.**

**No. 55416.**

Supreme Court of Iowa.

Sept. 19, 1972.

J. Allen Orr, Sioux City, for appellant.

Robert J. Larson, of Paul W. Deck Law Office, Sioux City, for appellee.

REES, Justice.

This appeal is from an order of the trial court overruling defendant's motion to set aside default, he having failed to appear in resistance to an application of plaintiff to modify decree of divorce, and an order of the trial court modifying the decree having been entered. We hold trial court should properly have sustained the motion to set aside defendant's default, and reverse.

Plaintiff and defendant were divorced by a decree entered March 14, 1968, which by reference embodied a stipulation of the parties which awarded to plaintiff custody of the two minor children of the parties and required defendant to pay to the plaintiff through the office of the clerk of the district court ten dollars per week for the ·support of each child, such payments to continue until each child reached his or her eighteenth birthday, married, became emancipated, entered military service, or died.

Subsequent to the entry of the decree of divorce, but without judicial sanction, an arrangement was entered into between the parties for the custody of one of the children to be placed with defendant, the sec-

ond child remaining with plaintiff. On November 16, 1971 plaintiff filed her application for the modification of the original decree, representing that at the time of the entry of the decree the children [twins] were eleven years of age, reciting the circumstances by which the custody of the children was divided, and asserting that the child then in the custody of plaintiff was 14 years of age and that the cost of maintaining her had significantly increased. Plaintiff asserted such facts constituted a change in circumstances justifying the court to increase child support due from defendant, and prayed for an order modifying the original decree in such respects.

An order was entered fixing hearing on the application to modify the decree for the 8th day of December, 1971 at ten o'clock, a. m., and directed that notice of hearing be given defendant by serving a copy of the application and the order upon defendant by personal service not less than twenty days prior to the date set for hearing.

The record seems to fairly establish the fact that notice was properly served on defendant, and he was furnished a copy of the application for modification of decree and of the order. He subsequently misplaced the notice so served upon him, and contacted his attorney by telephone and inadvertently advised his attorney the hearing would be at ten o'clock on December 10. Defendant's attorney, on December 8 attempted to contact counsel for plaintiff but was not successful in getting in touch with him until about 8:30 on the morning of December 9, at which time defendant's counsel was advised the matter had been submitted to the court and taken under advisement. Defendant's counsel thereupon filed what he termed a motion for rehearing, which was promptly filed on December 9, but at 10:34 a. m. on the same date the order and decree of the court was filed requiring payments by defendant to plaintiff of the sum of $25 a week for child support, and further providing that the

payments irrespective of the terms of the stipulation incorporated in the original decree were to continue until the child attained the age of twenty-one years. On December 15 defendant filed a second motion for rehearing, to which was appended the affidavit of defendant, and still later, on December 20, 1971 he filed his application to modify the order entered on December 9, amending the same later by an amendment filed on December 27. We treat the filings by the defendant attacking the decree of the trial court entered December 9 as being directed to the entry of the decree of modification, and while reference specifically to Rule 236, Rules of Civil Procedure, is not made in any of defendant's pleadings, we believe they were entitled to be treated by the trial court as motions to set aside the default of defendant on the grounds of mistake, inadvertence, and excusable neglect.

I. Our review here is not *de novo*. It is true that if we had before us an appeal from a decree of divorce on its merits, it would be in equity and triable *de novo*. The appeal is from the ruling of the trial court denying defendant's motions for review. Svoboda v. Svoboda, 245 Iowa 111, 60 N.W.2d 859, 865; Powers v. County of O'Brien, 54 Iowa 501, 503–504, 6 N. W. 720, 721.

II. We see no necessity to unduly belabor the matters presented here. It is apparent from the record defendant in good faith intended to defend against the application of plaintiff for modification of decree but, due to inadvertence or mistake, failed to appear and defend at the time fixed for hearing. His diligence and that of his counsel appears to us to have been established. The purpose of rule 236, R.C. P., is to allow determination of controversies on their merits rather than on the basis of nonprejudicial inadvertence or mistake. We conclude the trial court erred in refusing to set aside defendant's apparent default and by not permitting the cause to proceed to a determination on its merits.

Hannan v. Bowles Watch Band Co. (Iowa 1970), 180 N.W.2d 221, 223; Edgar v. Armored Carrier Corporation, 256 Iowa 700, 128 N.W.2d 922, 924; Hobbs v. Martin Marietta Co., 257 Iowa 124, 131 N.W.2d 772, 775, 777.

We deem it unnecessary to extend this opinion by reference to the other questions presented by appellant.

This case is, therefore, reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

All Justices concur.