**DEALERS WAREHOUSE CO., Appellee,**

v.

**WAHL & ASSOCIATES et al., Appellees,**
**and**
**Frank Moothart, Appellant.**

**No. 2–56163.**

Supreme Court of Iowa.

March 27, 1974.

Rehearing Denied April 18, 1974.

Thoma, Schoenthal, Davis, Hockenberg & Wine, Des Moines, for appellant.

Korf, Diehl, Clayton & Cleverley, Newton, for appellee, Dealers Warehouse Co.

Heard by MOORE, C. J., and RAWLINGS, REES, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

Defendant Frank Moothart appeals trial court's order overruling his motion to set aside a default and judgment thereon. We affirm.

On March 6, 1968, plaintiff Dealers Warehouse Co. filed its petition against defendants alleging they owed plaintiff $51,416.54 with interest at seven percent from February 29, 1968, on a promissory note executed to plaintiff in their behalf by defendant H. H. Bud Wahl. Moothart is a California resident. Plaintiff attempted to serve him with original notice by serving Wahl as his agent and by serving him through the procedure permitted under the long-arm statute, § 617.3, The Code.

Moothart appeared specially to attack service. He was first represented by the Iowa City law firm of Meardon, Sueppel & Chapman and later by the Des Moines firm of Duncan, Jones, Riley & Davis. Through various discovery skirmishes relating to the special appearance counsel for Moothart entered stipulations removing the case from the dismissal provisions of rule 215.1, Rules of Civil Procedure. After hearing, trial court on August 3, 1972, overruled the special appearance on two grounds, one on the merits and the other on a finding counsel's agreement to continuances and filing of a motion for protective order relating to discovery constituted a general appearance. Moothart does not challenge that ruling in this appeal.

No answer was filed by Moothart subsequent to the order overruling his special appearance. On October 17, 1972, his counsel wrote plaintiff's counsel in response to a request that an answer be filed. Moothart's counsel attributed the delay to difficulty in communicating with Moothart and Moothart's failure to pay fees, report-

ing that a certified letter had been sent Moothart on October 11 notifying him failure to communicate and pay the statement for services by October 31 would cause counsel to withdraw.

On October 27, 1972, Moothart's attorneys filed application to withdraw, listing communication difficulty as a reason. Attached was a copy of a notice sent by certified mail to Moothart informing him of hearing on the application at 9:00 a. m. November 6, 1972.

An order was entered November 7, 1972, authorizing withdrawal of the Duncan Firm. Moothart's default in the action was entered the same date (Holliday, J.). On November 15, 1972, judgment was entered by the court on the default for plaintiff against Moothart for $71,413.45 with interest at seven percent from November 10, 1972, costs and statutory attorney fees.

On November 29, 1972, Moothart filed his motion to set aside the default and judgment entry, through the Duncan law firm, alleging he sought to communicate with counsel prior to entry of default but did not make contact until later. He also asserted he had a good defense based on his denial H. H. Bud Wahl signed the note as his agent.

Moothart later filed an affidavit in support of the motion in which he asserted he learned September 29, 1972, his special appearance had been overruled; he was away from his office on business from October 30 through November 2, 1972; he picked up the notice of his attorneys' withdrawal application at the post office on the latter date but was so occupied with business matters in and out of his city of residence from then until November 16 he did nothing about it; he picked up a certified letter on that date from Iowa counsel enclosing a copy of the withdrawal order and mailed it the next day to his California counsel requesting they handle the matter for him; he was notified on November 21, 1972, a default judgment had been entered against him; on November 27, 1972, he rehired his Iowa counsel. Moothart

also asserted it would be unjust to permit his default to stand in view of trial set for January 5, 1973, against his codefendants, against whom no default was taken despite their failure to answer until after November 15, 1972.

Moothart's California lawyer also gave an affidavit, confirming his firm's role in the events of November 20 through November 27, 1972. That firm received Moothart's November 17 letter and enclosure on November 20, called Glenn Smith of the Duncan firm, learned of the default and judgment, and on November 21 obtained Moothart's permission to negotiate with the Duncan firm. By November 27 the Duncan firm was rehired to represent Moothart in Iowa.

Trial court (Perkins, J.) held Moothart failed to show good cause for setting aside the default and judgment and overruled his motion.

Moothart contends trial court erred in refusing to set aside the default and judgment because (1) the default was based on an erroneous finding he had not generally appeared, (2) he was denied reasonable opportunity to obtain new counsel after withdrawal of his attorneys, and (3) good cause was established as a matter of law to require the motion be sustained.

I. *Finding the default.* Moothart's default was noted by calendar entry November 7, 1972. In its judgment entry of November 15, 1972, trial court observed, "Frank Moothart is in default for want of a general appearance, motion or pleading in accordance with the Iowa Rules of Civil Procedure and his default has heretofore been entered on November 7, 1972, by a calendar entry in the case. Said default is hereby confirmed and entered of record." Moothart points out the court erred in saying he was in default for want of a general appearance since his special appearance was overruled on the ground, in part, that he had appeared generally.

■ This argument challenges the accuracy of trial court's reasons for finding

him in default but not the correctness of the court's conclusion that he was in default. Moothart does not dispute he was in default for failure to move or plead as required by rule 85, R.C.P., subsequent to the August 3, 1972, order overruling his special appearance. A general appearance without motion or pleading has the effect only of submitting the party to the court's jurisdiction. Under rule 87, R.C.P., the court has "no power to treat such appearance as sufficient to delay or prevent a default * * *."

In relevant part rule 230, R.C.P., provides, "A party shall be in default whenever he (a) fails to appear as required in rule 53 or 54, or, has appeared, without thereafter filing any motion or pleading as stated in rule 87 * * *." Moothart acknowledges he did not, after his special appearance was overruled, file any motion or pleading contemplated by rule 87. He was in default.

. A trial court ruling which is proper on any ground shown in the record will not be disturbed. General Motors Acceptance Corporation v. Keil, 176 N.W.2d 837, 842 (Iowa 1970). We need not accept trial court's premise in order to sustain its conclusion. State ex rel. Turner v. United-Buckingham, F. L., Inc., 211 N.W.2d 288, 290 (Iowa 1973); Van Hosen v. Bankers Trust Company, 200 N.W.2d 504, 509 (Iowa 1972).

Trial court was right in finding Moothart was in default.

II. *Entering the default.* Moothart maintains trial court erred in entering his default without giving him time to secure new counsel to protect his interests. There was no necessary connection between counsel's withdrawal and Moothart's defense. The withdrawal of an appearance by an attorney does not withdraw his client's appearance or pleadings. Sawyer v. Sawyer, 261 Iowa 112, 117, 152 N.W.2d 605, 608 (1967). Nor does it supply a new condition precedent to entry of default.

Under rule 231, R.C.P., when a party not under legal disability or not a prisoner is in default under rule 230(a), as was Moothart, the court is obliged to enter default forthwith upon demand of the adverse party.

Trial court did not err in entering Moothart's default upon plaintiff's demand.

III. *Setting the default aside.* Moothart contends he proved as a matter of law the default and judgment thereon should have been set aside on grounds of mistake, excusable neglect, or inadvertence. Rule 236, R.C.P., provides in relevant part:

"On motion and for good cause shown, and upon such terms as the court prescribes, but not ex parte, the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty."

We recently restated the principles applicable to our review in Hansman v. Gute, 215 N.W.2d 339 (1974). As noted there the rule favors trials on the merits, but the burden is on the movant to plead and prove good cause on one of the permitted grounds in order to have a default and judgment set aside. Trial court findings of fact in deciding the motion have the force of a jury verdict and, under those facts, a trial court is vested with wide discretion in ruling on the motion.

Our task in this case is to determine, viewing the evidence in its light most favorable to the ruling, whether trial court abused its discretion in overruling the motion.

What constitutes good cause in relation to grounds of mistake, inadvertence and excusable neglect has been settled in our cases. Good cause is a sound, effective, truthful reason, something more than an excuse, a plea, apology, extenuation, or some justification for the resulting effect. The movant must show his failure to defend was not due to his negligence or want of ordinary care or attention, or to

his carelessness or inattention. He must show affirmatively he did intend to defend and took steps to do so, but because of some misunderstanding, accident, mistake or excusable neglect failed to do so. Defaults will not be vacated where the movant has ignored plain mandates in the rules with ample opportunity to abide by them. Haynes v. Ruhoff, 261 Iowa 1279, 1281–1282, 157 N.W.2d 914, 915–916 (1968), and citations.

■ Moothart relies on what he calls a breakdown of communications with his Iowa lawyers. We believe the evidence would support a conclusion such breakdown was due to Moothart's negligence or want of ordinary care or attention. He does not deny receiving his lawyers' letter of October 11, 1972, insisting on his cooperation and threatening withdrawal. He does not dispute the accuracy of their later application to withdraw. More significantly he did nothing to assure his interests were being protected in the case until 15 days (November 2 to November 17) after receiving a copy of the application to withdraw.

Despite Moothart's later protestations of an intent to defend the lawsuit, trial court could find he did nothing to manifest such intent, despite opportunity and duty to do so, at any time after being informed his special appearance was overruled. He could not completely abdicate responsibility for defense to lawyers with whom he failed or refused to cooperate.

Trial court was not bound to, and obviously did not, accept Moothart's assertion he was too busy between November 2 and November 17 even to make a telephone call either to his California or Iowa lawyers relating to the lawsuit. The factfinder could conclude he was more interested in ignoring the case than defending it.

This case is easily distinguished from two cases in recent years in which we held trial courts abused discretion in refusing to set aside defaults. In Gordon v. Gordon, 200 N.W.2d 527 (Iowa 1972), the client misplaced notice of a modification hearing in a divorce case and, relying on memory, advised his lawyer of the wrong date. In Hobbs v. Martin Marietta Co., 257 Iowa 124, 131 N.W.2d 772 (1964), an original notice was lost in the insurance agent's mail room. In each case all circumstances were consistent with an intent to defend which was frustrated by inadvertent loss of notice. In the present case Moothart is not shown to have done anything from the time he learned (September 29, 1972) his special appearance was overruled until after he learned default judgment had been entered (November 16, 1972) to manifest any interest in his lawsuit. Trial court's ruling is supported by substantial evidence.

This case is more like Hansman v. Gute, supra, Walters v. Williams, 203 N.W.2d 383 (Iowa 1973), In Re Estate of Staab, 192 N.W.2d 804 (Iowa 1971), Insurance Co. of No. Amer. v. Sperry & Hutchison Co., 168 N.W.2d 753 (Iowa 1969), Haynes v. Ruhoff, supra, and Hallett Const. Co. v. Iowa State Highway Com'n, 258 Iowa 520, 139 N.W.2d 421 (1966). In the first three cases listed we affirmed the exercise of trial court discretion in overruling motions to vacate defaults and in the latter three we found trial court discretion abused in not overruling such motions. In Hallett as in this case the default occurred because of failure to file an appropriate motion or pleading subsequent to a general appearance. The three judgments in that case were held properly set aside because entered by the clerk, rather than the court, in violation of rule 232(a), R.C.P., since the claims were not for a sum certain. In the present case the judgment is not attacked on such ground, nor would such attack be apposite. The claim was for a sum certain, and, in any event, judgment was entered by the court.

Trial court did not abuse its discretion in overruling Moothart's motion to vacate the default and judgment.

Affirmed.