Faye **WILLIAMSON**, Appellant,

v.

Sarah Ann **CASEY** et al., Appellees.

No. 2–56333.

Supreme Court of Iowa.

July 31, 1974.

Robert Kohorst, of Louis, Moore & Kohorst, Harlan, for appellant.

James A. Pratt, of Porter, Heithoff, Pratt & Reilly, Council Bluffs, and James W. Knowles, Omaha, Neb., for appellees.

Submitted to MOORE, C. J., and LeGRAND, REYNOLDSON, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

We granted plaintiff interlocutory appeal of trial court's order sustaining defendants' motion to set aside a default judgment. We reverse the trial court because we find no basis in the record for the judgment to be set aside. We remand the case for determination of damages.

Plaintiff Faye Williamson commenced a tort action for personal injury damages against defendants Sarah Ann Casey, Thomas C. Casey, and John P. Casey under the provisions of the nonresident motorist statute, §§ 321.498–321.512, The Code. The action arose from a motor vehicle collision which occurred on interstate 80 in Cass County on December 21, 1970. Plaintiff was a passenger in an automobile driven by Marian Euvon Peterson which was struck from the rear by an automobile driven by defendant Sarah Ann Casey and owned by defendants Thomas C. Casey and John P. Casey.

Plaintiff was a resident of Shelby County and defendants resided in Colorado Springs, Colorado. The suit was brought in Shelby County. An original notice of suit was filed with the commissioner of public safety on December 15, 1972. Notification of the filing was mailed within ten days thereafter by restricted certified mail to each defendant. See §§ 321.501, 321.-502, The Code. Separately, notification was personally served in Colorado on each defendant. See § 321.504, The Code. The original notice and notification were in statutory form. Proof of service was duly filed. See § 321.505, The Code.

Defendants failed to appear in the action by noon of the sixtieth day following service of the original notice on the commissioner. See § 321.500, The Code. On February 14, 1973, the sixty-first day, plaintiff obtained a default judgment against them. The order recited that "defendants and each of them are in default and their default is hereby entered herein and * * * judgment is hereby entered against the defendants and each of them for such amount as the court shall determine upon hearing thereon, and for the costs of this action."

On February 15, 1973, defendants filed appearances. On February 21, 1973, they filed a motion to set aside the judgment under rule 236, Rules of Civil Procedure. They alleged "the default occurred because of inadvertence, mistake, excusable neglect and unavoidable casualty in that there was confusion between the date notices were filed with the Commissioner of Public Safety * * * and the date these defendants received actual notice of these proceedings." They asserted they had a good defense to the action as shown in an answer contemporaneously filed. The motion was not accompanied by affidavit.

It came on for hearing. No evidence was introduced. No record of argument was made. On April 5, 1973, the court entered an order reciting submission of the motion upon oral argument March 26, 1973, finding the motion should be sustained, and setting aside the default judgment.

Rule 236, R.C.P., provides in relevant part that, "On motion and for good cause shown, * * * but not ex parte, the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty."

A proceeding under rule 236 is at law. A trial court has wide discretion in making its ruling. The burden is on the movant to plead and prove good cause to set aside the default or judgment thereon. Good cause is shown only if one of the grounds in the rule is proved. We are bound by trial court findings of fact if supported by substantial evidence. Hansman v. Gute, 215 N.W.2d 339, 342 (Iowa 1974). We view the evidence in its light most favorable to the court's ruling. Even where, as here, the trial court makes no findings of fact, or as in In re Estate of Staab, 192 N.W.2d 804 (Iowa 1971), bases its ruling on a different ground, we will uphold the ruling if any proper ground appears in the record.

Our task in each case is to decide, viewing the evidence in its light most favorable to the ruling, whether a rule 236 ground exists in the record to support the exercise of trial court discretion in ruling as it did.

■ A trial court abuses its discretion if it sets aside a default judgment under rule 236 without some proper basis in the record. In re Estate of Staab, supra, at 808; Insurance Co. of No. Amer. v. Sperry & Hutchison Co., 168 N.W.2d 753, 757 (Iowa 1969). Where a factual basis is relied on and is not admitted by the adversary, the movant must offer evidence in support of his motion. It is his obligation to make an adequate record.

■ Evidence to sustain (or resist) the motion may be by affidavit or in any other form to which the parties agree or the court directs. Rule 116, R.C.P. The evidence must be competent and substantial. Insurance Co. of No. Amer. v. Sperry & Hutchison Co., supra, at 757.

■ In the present case plaintiff contends trial court abused its discretion in setting aside the default judgment because good cause for doing so was not shown. We agree.

Defendants' motion alleged their default occurred through inadvertence, mistake, excusable neglect and unavoidable casualty in that they were confused about when they had to appear.

The record reveals the copies of the original notice attached to the notifications received by defendants were in statutory form. See §§ 321.500, 321.502, The Code. Defendants do not content otherwise. They were thereby informed in plain words that unless they appeared "in the District Court of Iowa in and for Shelby County at the Courthouse in Harlan, Iowa, before noon of the 60th day following the filing of this notice with the commissioner * * * default will be entered * * *." Defendants were told by the notifica-

tions that the original notice had been filed with the commissioner on December 15, 1972.

This record provides no basis under rule 236 for setting aside the default judgment. In this context defendants' motion offers nothing more than an explanation for their failure to appear. They did not show good cause under the rule. Good cause does not include misconstruction by a party of a proper legal notice. Hansman v. Gute, supra, 215 N.W.2d at 342; Haynes v. Ruhoff, 261 Iowa 1279, 1296, 157 N.W.2d 914, 918 (1968).

Defendants acknowledge they offered no affidavits or testimony in support of their motion but contend oral argument by their counsel would constitute a professional statement which the trial court might have accepted as evidence and which might have established good cause. There is nothing in the record to show defense counsel made a professional statement or had personal knowledge of some relevant fact sufficient to do so. See Cogley v. Hy Vee Food Stores, Inc., 257 Iowa 1381, 1387, 137 N.W.2d 310, 313 (1965).

Trial court's ruling cannot be upheld on the basis of speculation. It has no support in the record. We therefore hold trial court abused its discretion in sustaining defendants' motion, and we reverse the ruling.

■ The order reinstated by our reversal is an adjudication of default in which hearing on damages was reserved. Where a defaulting defendant appears prior to trial of the question of damages, he has a right to be heard and participate therein. Hallett Constr. Co. v. State Highway Comm., 261 Iowa 290, 294–295, 154 N.W.2d 71, 74; see Hansman v. Gute, supra, 215 N.W.2d at 343. On remand, defendants are entitled to take part in the hearing on damages.

Reversed and remanded.