**FIRST NATIONAL BANK IN LENOX, Appellee,**

v.

**Roger S. CLAISER, et al., Defendants,**

and

**Rex Mullin and Dorothy L. Mullin, Appellants.**

**No. 64761.**

Supreme Court of Iowa.

July 15, 1981.

David L. Jungmann of Don Carlos, Carlberg & Mackaman, Greenfield, for appellants.

Ann M. Nielsen of Stanley, Nielsen & Nielsen, Corning, and Raymond Pogge of Pogge, Root & Steege, Council Bluffs, for appellee.

McCORMICK, Justice.

This appeal involves a jurisdictional issue and a challenge to a trial court ruling refusing to set aside a default judgment. We find we have jurisdiction and no ground for reversal has been established. Therefore we affirm the trial court.

Plaintiff First National Bank in Lenox brought this action against fourteen defendants, alleging they were liable either as makers or guarantors of a promissory note. Attorney C. W. Carlberg filed three separate motions to recast the petition in behalf of eight of the defendants, not including defendants Rex Mullin and his wife Dorothy L. Mullin. Pursuant to a ruling on the motions, plaintiff amended its petition.

Mr. Carlberg then filed a combined motion pursuant to Iowa R.Civ.P. 111. The Mullins were not named as movants. While this motion was pending, plaintiff obtained a default judgment against the Mullins and the other defendants who had not appeared in the action.

Approximately two weeks later Mr. Carlberg filed a motion to amend the combined motion to add Rex Mullin as a party. The amendment did not name Dorothy L. Mullin. Plaintiff resisted the motion on the basis of the default judgment. A few days later both Mullins filed a motion to set aside the default judgment under rule 236.

The motion was supported by affidavit of attorney Carlberg. Except for listing several alleged defenses to the action, the affidavit merely verified the conclusory allegations of the motion. In the motion the attorney asserted he first became aware of the omission of the Mullins from the combined motion on the date he filed his first amendment to add them as parties to that motion. He did not explain why the first amendment included only the name of Rex Mullin. The only relevant circumstances alleged in the motion as a ground for setting aside the default were that the Mullins "at all times believed they were doing all things necessary and required to defend this cause of action and the typing error resulting in the inadvertent omission of [their names] from the [combined motion]

was due to mistake, inadvertence, surprise, excusable neglect, and unavoidable casualty." Plaintiff filed a resistance to the motion.

The motion was submitted after oral hearing. The record contains no evidence other than the affidavit which was attached to the motion. Subsequently the trial court overruled the motion. The Mullins filed a motion to reconsider which was also overruled. This appeal followed.

I. *The jurisdictional issue.* The Mullins' notice of appeal was filed within thirty days of the ruling on the motion to reconsider but more than thirty days after the ruling on the motion to set aside the default. This situation presents an issue of subject matter jurisdiction. Under Iowa R.App.P. 5(a) appeals must be taken within thirty days of final judgment "unless a motion for new trial or judgment notwithstanding the verdict as provided in R.C.P. 247, or a motion as provided in R.C.P. 179(b), is filed, and then within thirty days after the entry of the ruling on such motion . . . ."

Governing principles are explained and applied with contrasting results in *Kagin's Numismatic Auctions v. Criswell,* 284 N.W.2d 224, 226 (Iowa 1979), and *Orr v. Iowa Public Service Co.,* 277 N.W.2d 899, 900 (Iowa 1979). As in the present case, a motion to reconsider ordinarily is filed in an effort to have the court's findings and conclusions enlarged or amended and the judgment changed. We look to the substance of the motion to determine its character. In this case, the motion to reconsider was in substance a rule 179(b) motion.

The next inquiry is whether a rule 179(b) motion will lie in a rule 236 proceeding. Rule 179(b) is available only when the proceeding involves trial of an issue of fact without a jury. *Kagin's,* 284 N.W.2d at 226. Our cases make it clear that the court does try issues of fact in rule 236 proceedings. *See, e. g., Williamson v. Casey,* 220 N.W.2d 638, 639 (Iowa 1974) ("Good cause is shown only if one of the grounds in the rule is proved. We are bound by trial court findings of fact if supported by substantial

evidence.") Thus a rule 179(b) motion may be addressed to a ruling on a motion to set aside a default judgment.

■ The motion to reconsider therefore extended the time for appeal in the present case. The appeal was timely and we have jurisdiction.

■ II. *The merits of the ruling*. Principles governing review of rulings under rule 236 have been summarized in several cases. *See, e. g., Paige v. Chariton*, 252 N.W.2d 433, 437 (Iowa 1977); *Williamson*, 220 N.W.2d at 639–40; *Dealers Warehouse v. Wahl & Associates*, 216 N.W.2d 391, 394 (Iowa 1974). Because trial on the merits is favored, a liberal approach is to be taken in granting relief from defaults. *Wharff v. Iowa Methodist Hospital*, 219 N.W.2d 18, 21–22 (Iowa 1974).

■ A motion to set aside a default judgment may present questions of fact and law. Unless the facts are admitted, the movant must introduce evidence to establish good cause on at least one ground of the rule. *Williamson*, 220 N.W.2d at 640. The Mullins' problem in the present case is with the facts, not the law. Sitting as trier of fact, the trial court did not find attorney Carlberg's affidavit to be true. Without expressly passing on the truth or falsity of the affidavit, the court found that the Mullins did not meet their burden of proof. We can interfere with the court's determination of evidentiary insufficiency only if we find the evidence so overwhelming that the Mullins carried their burden of proof as a matter of law. *See Wilson v. Forty-O-Four Grand Corp.*, 246 N.W.2d 922, 925 (Iowa 1976). The affidavit does not meet that standard in this case.

■ Neither the motion nor affidavit disclosed any details concerning the initiation of the employment, its terms, or any circumstances identifying or explaining what is described as "the typing error." Thus the trial court was not given any evidence to support the conclusory statements. In order to find them to be true, the court would have to take them at face value. Even though the Mullins' attorney attempt-

ed to supplement the motion by allegations in his trial court and appellate briefs, the record actually made in support of the motion at best demonstrates neglect which, depending on the circumstances, may or may not have been excusable.

Because the evidence was not so overwhelming that the court was obliged to find the Mullins carried their burden as a matter of law, we are bound by the court's finding on the facts. Reviewing the case in that light, we hold that the court did not abuse its discretion in overruling the motion to set aside the default judgment.

AFFIRMED.

All Justices concur except UHLENHOPP, J., REYNOLDSON, C. J., and LARSON, J.

UHLENHOPP, Justice (dissenting).

I think we should reexamine the rationale of our decisions under rule 236. When the party against whom a default is entered actually desires to prosecute his claim (if a plaintiff) or to present his defense (if a defendant), the default frequently constitutes a windfall for the other party; the latter party might not be able to prevail if the case were heard on the merits. Moreover, with the default set aside, often the latter party is no worse off, on the merits of the case, than if the default had not been entered. The loser, however, is deprived of his claim or defense without trial, irrespective of its merits.

I do not refer to the case in which a party willfully ignores the rules of procedure or defies them. I refer to the cases involving bungles. Rule 236 does not contemplate a blameless party; it *contemplates* that some fault actually exists; it allows relief for "neglect," if the neglect is "excusable." If the neglect is so culpable as to be inexcusable, the guilty party can have no relief.

The federal courts grant relief quite readily in order to get to the merits and avoid harsh results. *Laguna Royalty Co. v. Marsh*, 350 F.2d 817, 823 & n.11 (5th Cir. 1965) (Fed.R.Civ.P. 60(b)(1) allowing relief for mistake, inadvertence, surprise, or excusable neglect should be liberally con-

**4**

strued and doubt resolved in favor of setting aside judgment so that case may be tried upon merits); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3rd Cir. 1951); *United States v. Berger*, 86 F.R.D. 713, 714–15 (W.D.Pa.1980); *Iowa v. Union Asphalt & Roadoils, Inc.*, 281 F.Supp. 391, 398 (S.D.Iowa 1968), *aff'd*, 409 F.2d 1239, *aff'd sub nom. Standard Oil Co. v. Iowa*, 408 F.2d 1711 (8th Cir. 1969). I would adopt the rationale of decisions of this kind, and grant relief in the present case.[1]

REYNOLDSON, C. J., and LARSON, J., join in this dissent.

---

1. The text of the rule-236 motion follows; by affidavit Mr. Carlberg swore "that the statements contained therein are true and accurate and are made of the undersigned's personal knowledge"; the bank did not refute the statements by counter affidavit, cross-examination, or other evidence:

   1. That Default Judgment was entered against the Defendants Rex Mullin and Dorothy L. Mullin on or about July 25, 1979.

   2. That C. W. Carlberg was retained by the Defendant Rex Mullin; Dorothy L. Mullin; Roger S. Claiser; Kenneth Fluckey; Clint Claiser; Kinkade Industries, Inc.; Franklin Kinkade; Evelyn M. Fluckey; Ruby M. Claiser; and Viola Elaine Claiser, to represent them in this cause.

   3. That pursuant to said retention of C. W. Carlberg, he did cause to be served on June 25, 1979, and on July 20, 1979, motions in this cause. That said motions inadvertently omitted names of Rex Mullin and Dorothy L. Mullin as Defendants.

   4. That on or about August 9, 1979, C. W. Carlberg realized that the Defendants Rex Mullin and Dorothy L. Mullin had been omitted from the Motion served on July 20, 1979, and therefore on August 9, a First Amendment to said Motion to include Rex Mullin and Dorothy L. Mullin as Defendants was served on the Plaintiff.

   5. That on the 17th day of August, 1979, C. W. Carlberg for the first time became aware that a Default Judgment had been entered against the Defendants Rex Mullin and Dorothy L. Mullin. That the first Resistance to First Amendment to Combined Motions pursuant to Rule 111 which was served on August 16, 1979, and received by C. W. Carlberg on August 17, 1979.

   6. That Plaintiff failed to serve upon C. W. Carlberg or any other attorney of record the Application for Default Judgment and the Judgment Entry thereon. That at the time said Application and Judgment Entry were filed, said C. W. Carlberg was an attorney of record and service should have been made pursuant to Rule 82 Iowa Rules of Civil Procedure.

   7. That had the Plaintiff served the Motion for Default as required by the Rules of Civil Procedure, the Defendants Rex Mullin and Dorothy L. Mullin would heretofore have corrected the inadvertence of omitting their name from the list of Defendants in the motions served June 25 and July 20, 1979.

   8. That Plaintiff and the Clerk of Court failed to give notice of default judgment to Defendants Rex Mullin and Dorothy L. Mullin as required by Rule 233 and the Defendants had no knowledge of the said default prior to August 17, 1979.

   9. That the Defendants Rex Mullin and Dorothy L. Mullin at all times believed they were doing all things necessary and required to defend this cause of action and the typing error resulting in the inadvertent omission of the Defendants Rex Mullin's and Dorothy L. Mullin's names from the Motion served July 20, 1979, was due to mistake, inadvertence, surprise, excusable neglect, and unavoidable casualty.

   10. That for the above stated reasons, the Court should set aside the default and judgment thereon upon such terms as the Court prescribes.