## OAK PARK VILLAGE v GORTON

Docket No. 66977. Submitted August 2, 1983, at Lansing.—Decided
September 13, 1983.

Oak Park Village on January 16, 1981, brought an action in 54-A
District Court against Richard and Joanne Gorton, seeking
unpaid rent for and damages to the apartment which plaintiff
had rented to the defendants on December 1, 1979, and which
had been vacated by the defendants. By affidavit, defendants
asserted that they had vacated the apartment on August 31,
1980, and had given timely notice of their forwarding address.
Plaintiff, by affidavit, asserted that it first became aware that
defendants had vacated the premises on September 23, 1980,
had sent a notice of damages on October 16, 1980, and had
received no response to that notice from defendants. Defen-
dants moved for accelerated judgment on the basis that the
plaintiff's suit was not brought within 45 days of the date they
vacated the premises as required by the provisions of the
landlord tenant relationship act (LTRA) and moved for partial
summary judgment seeking the return of their security deposit
and doubling of that amount pursuant to the provisions of the
LTRA on the basis of the failure of plaintiff to send a notice of
damages within 30 days of defendants' vacation of the prem-
ises. The district court, Patrick Cherry, J., granted defendants'
motion for accelerated judgment, ordered that the security
deposit be returned, and denied the claim for double damages
on the basis that defendants had not filed a counterclaim
seeking the same. On appeal, the Ingham Circuit Court, James
T. Kallman, J., affirmed the district court's order of partial
summary judgment but reversed the order of accelerated judg-

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 265, 306.
[2] 49 Am Jur 2d, Landlord and Tenant §§ 141, 651.
[2, 3] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[3, 5] 50 Am Jur 2d, Landlord and Tenant § 1228.
[4] 73 Am Jur 2d, Statutes § 145.
[6] 49 Am Jur 2d, Landlord and Tenant § 141.
   50 Am Jur 2d, Landlord and Tenant § 1160.
[7] 49 Am Jur 2d, Landlord and Tenant § 651.

ment, holding that the 45-day provision in the LTRA affects only the landlord's interest in the security deposit and does not bar a subsequent action for damages. Defendants appeal by leave granted. Plaintiff cross-appeals. *Held:*

1. It was reversible error to grant summary judgment in favor of defendants on their claim for the return of the security deposit plus the doubling of that amount, since there was an unresolved question of fact as to whether defendants gave timely notice of their change of address. If defendants failed to satisfy the notice of address change provision of the statute, plaintiff would be relieved of compliance with the notice of damages provision.

2. The statutory 45-day limitation on bringing suit applies only where the question is whether a security deposit may be retained by a landlord and does not act as a statute of limitations as to pre-existing statutory or common-law claims for damages or unpaid rent. This limited purpose of the 45-day limitation period, coupled with the fact that the statute prohibits the application of the limitation where, as here, there is a claim for unpaid rent, the unresolved factual dispute relative to whether defendants failed to furnish their forwarding address, and the failure of defendants to respond to the notice of damages, rendered the trial court's granting of accelerated judgment in favor of defendants improper.

Affirmed in part, reversed in part, and remanded.

1. STATUTES — JUDICIAL CONSTRUCTION.

Statutes should be construed so as to avoid, not produce, absurd results.

2. LANDLORD AND TENANT — SECURITY DEPOSITS — NOTICE OF DAMAGES — LANDLORD TENANT RELATIONSHIP ACT.

The failure of a tenant to comply with the notice of new address requirements of the landlord tenant relationship act relieves the landlord of compliance with the notice of damages requirement of the act; accordingly, summary judgment in favor of a tenant on the tenant's claim for the return of a security deposit and the doubling of that amount on the basis of the failure of the landlord to give timely notice of damages should not be granted where there remains an unresolved question of fact as to whether the tenant gave timely notice of the tenant's new address (MCL 554.609-554.611, 554.613; MSA 26.1138, subds [9]-[11], 26.1138[13]).

3. LANDLORD AND TENANT — ACTIONS — LIMITATION OF ACTIONS — ACCELERATED JUDGMENT — LANDLORD TENANT RELATIONSHIP ACT.

Accelerated judgment in favor of a tenant in an action by a

landlord should not be granted on the basis of the failure of the landlord to commence the action within the 45-day limitation set forth in the security deposit provisions of the landlord tenant relationship act where the claim of the landlord contains a claim for unpaid rent, there is an unresolved issue of fact whether the tenant furnished in a timely manner the statutory notice of his forwarding address, and the tenant failed to respond to the landlord's notice of damages (MCL 554.611, 554.613[1]; MSA 26.1138[11], 26.1138[13][1]; GCR 1963, 116.3).

4. STATUTES — JUDICIAL CONSTRUCTION — LEGISLATIVE INTENT.

A court's primary consideration in construing a statutory provision is to divine the Legislature's intent.

5. LANDLORD AND TENANT — LIMITATION OF ACTIONS — SECURITY DEPOSITS — LANDLORD TENANT RELATIONSHIP ACT.

The 45-day limitation upon the commencement of an action by a landlord contained in the landlord tenant relationship act is unreasonably short if such limitation is deemed to apply to all damages and to be unrelated to actions relating to the retention of a security deposit (MCL 554.613[1]; MSA 26.1138[13][1]).

6. LANDLORD AND TENANT — LIMITATION OF ACTIONS — LEGISLATIVE INTENT — LANDLORD TENANT RELATIONSHIP ACT.

There is nothing in the title to the landlord tenant relationship act to suggest that the Legislature intended the 45-day limitation on actions relating to security deposits to act to shorten the applicable period of limitations for actions for damages or abolish any pre-existing common-law remedy for damages (MCL 554.613[1]; MSA 26.1138[13][1]).

7. LANDLORD AND TENANT — LIMITATION OF ACTIONS — SECURITY DEPOSITS — LANDLORD TENANT RELATIONSHIP ACT.

The 45-day limitation on commencement of actions contained in the landlord tenant relationship act is applicable only to claims for damages to be secured out of security deposits and does not in any way enhance, restrict, or affect pre-existing statutory or common-law remedies for damages or unpaid rent (MCL 554.613[1]; MSA 26.1138[13][1]).

*Bos & Hanes* (by *Patrick D. Hanes),* for plaintiff.

*Church, Wyble, Kritselis & Robinson, P.C.* (by *Brian W. Bevez),* for defendants.

Before: Hood, P.J., and Cynar and P. J. Marut-iak,* JJ.

Hood, P.J. Both parties appeal by leave granted from a circuit court decision interpreting the provisions of the landlord tenant relationship act (LTRA), 1972 PA 348, MCL 554.601 *et seq.;* MSA 26.1138(1) *et seq.*

The matter originated in the 54-A District Court when plaintiff instituted a suit against defendants for damages to a rental unit and for unpaid rent. Defendants were tenants of one of plaintiff's apartments pursuant to a written lease under which defendants had paid a required security deposit.

Proceedings in the district court and in the circuit court involved the meaning of the notice and limitation of actions provisions of §§ 9, 10, and 13 of the LTRA. Those sections, all of which bear upon our disposition of this cause, provide:

"Sec. 9. In case of damage to the rental unit or other obligation against the security deposit, *the landlord shall mail to the tenant, within 30 days after the termination of occupancy, an itemized list of damages claimed for which the security deposit may be used* as provided in section 7, including the estimated cost of repair of each property damaged item and the amounts and bases on which he intends to assess the tenant. The list shall be accompanied by a check or money order for the difference between the damages claimed and the amount of the security deposit held by the landlord and shall not include any damages that were claimed on a previous termination inventory checklist prior the tenant's occupancy of the rental unit. The notice of damages shall include the following statement in 12 point boldface type which shall be at least 4 points larger than the body of the notice: 'You must respond to this notice by mail within 7 days after receipt of same,

* Circuit judge, sitting on the Court of Appeals by assignment.

otherwise you will forfeit the amount claimed for damages.' " MCL 554.609; MSA 26.1138(9).

"Sec. 10. *Failure by the landlord to comply with the notice of damages requirement within the 30 days after the termination of occupancy, constitutes agreement by the landlord that no damages are due* and he shall remit to the tenant immediately the full security deposit." MCL 554.610; MSA 26.1138(10).

"Sec. 13. (1) *Within 45 days after termination of the occupancy and not thereafter the landlord may commence an action* in a court of competent jurisdiction for a money judgment for damages which he has claimed or *in lieu thereof return the balance of the security deposit* held by him to the tenant or any amount mutually agreed upon in writing by the parties. *A landlord shall not be entitled to retain any portion of a security deposit for damages claimed unless he has first obtained a money judgment for the disputed amount* or filed with the court satisfactory proof of an inability to obtain service on the tenant *or unless:*

"(a) The tenant has failed to provide a forwarding address as required by section 11.

"(b) The tenant has failed to respond to the notice of damages as required by section 12.

"(c) The parties have agreed in writing to the disposition of the balance of the deposit claimed by the landlord.

"(d) The amount claimed is entirely based upon accrued and unpaid rent equal to the actual rent for any full rental period or portion thereof during which the tenant has had actual or constructive possession of the premises.

"(2) This section does not prejudice a landlord's right to retain any security deposit funds as satisfaction or partial satisfaction of a money judgment obtained pursuant to summary proceedings filed pursuant to chapter 57 of Act No. 236 of the Public Acts of 1961, as amended, being sections 600.5701 to 600.5759 of the Compiled Laws of 1948 or other proceedings at law. *Failure of the landlord to comply fully with this section constitutes waiver of all claimed damages and makes him liable to the tenant for double the amount of the*

*security deposit retained."* MCL 554.613; MSA 26.1138(13). (Emphasis added.)

In the district court, defendants asserted by affidavit that they vacated the premises on August 31, 1980, and gave timely notice of their forwarding address. Plaintiff, also by affidavit, stated that it first became aware that defendants had vacated the premises on September 23, 1980, that it sent a notice of damages on October 16, 1980, well within 30 days of September 23, 1980, and that, upon defendants' failure to respond, it instituted suit on January 16, 1981.

Defendants moved for accelerated judgment on the ground that the suit was not commenced within 45 days of the date they moved, as required by § 13(1) of the LTRA. The district court granted defendants' motion for accelerated judgment.

Defendants then moved for partial summary judgment, seeking the return of their security deposit and the doubling of that amount pursuant to § 13(2) of the LTRA. The district court ruled for defendants, holding that, since the notice of damages was more than 30 days after actual vacation, damages were waived and the security deposit must be returned. Double damages were denied on the ground that defendants had not filed a counter-complaint seeking the same.

Upon appeal to the Ingham Circuit Court, the order of partial summary judgment was affirmed. The accelerated judgment, however, was reversed, the circuit court holding that the "damages" referred to in § 13 means those damages claimed against the security deposit and that the 45 days time limit affects only the landlord's interest in the security deposit and does not bar a subsequent action for damages.

We agree and affirm the circuit court's assessment of § 13. We reject and reverse, however, the determinations of the circuit court and the district court relative to the request for partial summary judgment.

The granting of summary judgment requiring the return of the security deposit was erroneous under any reasonable interpretation of the LTRA. The district court and the circuit court have interpreted the "termination of occupancy" as used in § 10 of the LTRA as automatically operative irrespective of any compliance or lack of compliance by the tenant with the notice provisions of the other sections of the LTRA. That interpretation would produce absurd results. A statute should be construed so as to avoid, not produce, absurd results. *King v Director, Midland County Dep't of Social Services,* 73 Mich App 253, 258; 251 NW2d 270 (1977). For example, a landlord in a month-to-month tenancy could, conceivably, have no notice of the vacation of the premises until after the 30 days prescribed by § 10 had expired and thereby be foreclosed from claiming damages against the security deposit.

Section 10 must be read in conjunction with the other sections of the LTRA: § 3, MCL 554.603; MSA 26.1138(3), which requires the landlord to advise the tenant of the tenant's obligation to notify the landlord of the tenant's forwarding address and § 11, MCL 554.611; MSA 26.1138(11), which requires the tenant to notify the landlord of a new address within 4 days after termination of his occupancy. Failure of the tenant to comply with this requirement *relieves* the landlord of the requirement of notice of damages. Therefore, if defendants did not give timely notice to plaintiff of their forwarding address, plaintiff was not re-

quired to furnish a notice of damages at all, and if the evidence supports the landlord's claim that it did not learn of the abandonment until September 23, 1980, its notice of damages of October 16, 1980, would certainly be within the obvious purpose of the section, *i.e.,* to put all parties on notice of claims against the security deposit.

As has been noted, defendants, by affidavit, claimed to have given timely notice of their forwarding address and plaintiff, also by affidavit, claimed that it knew nothing of the vacation of the premises until September 13, 1980.

Since plaintiff's obligation to provide timely itemization of claimed damages pursuant to § 9 of the LTRA depends upon the unresolved and very material question of fact regarding whether defendants gave plaintiff their forwarding address, the district court was in error in granting partial summary judgment and the circuit court was in error in affirming that decision.[1]

The circuit court was correct, however, in reversing the district court's grant of accelerated judgment based upon § 13(1) of the LTRA.

The district court held that § 13(1) means that the failure of the landlord to institute suit within 45 days of the termination of the occupancy absolutely barred any action for damages, even an action for damages in excess of the security deposit. As noted in fn 1 *infra,* § 13(1)(d) specifically excepts that part of plaintiff's claim which asks for unpaid rent. In addition, in view of the opposing affidavits, a factual dispute exists as to whether defendants furnished a forwarding address as required by § 11. Defendants also failed to respond to

---

[1] We also note that part of the dispute in this case is for claimed unpaid rent, for which a security deposit *may* be used pursuant to § 13(1)(d) of the LTRA.

the notice of damages. See §§ 13(1), subds (a) and (b). For these reasons alone, accelerated judgment was improper. GCR 1963, 116.3.

Of more importance, however, the district court's interpretation of the statute subverts the clear intent of the statute. In construing a statutory provision, our primary consideration is to divine the Legislature's intent. *Citizens for Pre-Trial Justice v Goldfarb,* 88 Mich App 519, 550; 278 NW2d 653 (1979). The district court's ruling treats § 13(1) as a statute of limitations which is unrelated to the security deposit. If the section in question were a statute of limitations on all damage claims arising from a landlord-tenant relationship, it would represent an unusually, and probably unreasonably, short time limit. Appellate courts acquiesce in the enforcement of statutes of limitation when we are not persuaded that they unduly restrict access to the courts. *Carver v McKernan,* 390 Mich 96, 99; 211 NW2d 24 (1973).

A statute of limitations must afford a reasonable time within which a suit may be brought. Given the other sections of the LTRA, which provide for a 30-day notice of damages and a 7-day response by the tenant, there would commonly be fewer than *eight days* within which to commence suit for all damages, even if those damages were in excess of a security deposit. This is an unprecedentially brief time; one so brief as to be deemed unreasonable. *Dyke v Richard,* 390 Mich 739, 746; 213 NW2d 185 (1973).

We, however, do not deem the 45-day time limit of § 13(1) to be a statute of limitations because no legislative intent to shorten the applicable period of limitations or to abolish the common-law action for damages is expressed in the title of the statute, as required by Const 1963, art 4, § 24. The title of the landlord tenant relationship act states:

"An act to regulate relationships between landlords and tenants relative to rental agreements for rental units; to regulate the payment, repayment, use and investment of *security deposits;* to provide for commencement and termination inventories of rental units; to provide for termination arrangements relative to rental units; to provide for legal remedies; and to provide penalties." (Emphasis added.)

Nothing in the title suggests that the LTRA is intended to abolish a pre-existing remedy for damages or to shorten an existing statute of limitations. See, generally, § 5805 of the Revised Judicature Act, MCL 600.5805; MSA 27A.5805. While the Legislature has great leeway in the phrasing of a title and need not provide an item by item road map of each provision of the statute, still an act may not clearly exceed the scope of its title. Const 1963, art 4, § 24 is not a hollow formality and has been given consistent adherence by the courts of this state. *Maki v East Tawas,* 385 Mich 151, 158-159; 188 NW2d 593 (1971).

The purpose of the LTRA was to protect tenants. As this Court said in *Stutelberg v Practical Management Co,* 70 Mich App 325, 338; 245 NW2d 737 (1976), *lv den* 398 Mich 804 (1976), quoting then circuit court Judge Blair Moody, Jr.'s, opinion:

" 'The Act is primarily aimed to protect the tenant from the landlord surreptitiously usurping substantial sums held to secure the performance of conditions under the lease. * * *

" '* * * The misleading practice of landlords obtaining large security deposits while charging a lesser monthly rate than their competitors and then unilaterally withholding a good portion of this deposit for unsuspected reasons is halted by the Act.' "

Since it is axiomatic that statutory provisions

must be construed both in such a manner as to carry out the apparent purpose of the Legislature and to permit the constitutional validity of the statute to be sustained, *Workman v DAIIE,* 404 Mich 477, 507; 274 NW2d 373 (1979), we hold that § 13(1), in light of the overall statutory scheme of the LTRA, deals strictly with claims for damages to be secured out of security deposits, and does not in any way enhance, restrict, or affect pre-existing statutory and common-law remedies for damages or for unpaid rent.

Affirmed in part, reversed in part, and remanded.