Laura **WHITEHORN**, Appellant,

v.

Steve **LOVIK**, Appellee.

No. 85–1759.

Supreme Court of Iowa.

Jan. 14, 1987.

James Prescott and Jeffrey L. Clark, Student Legal Services, Iowa City, for appellant.

James H. Martinek, Iowa City, for appellee.

NEUMAN, Justice.

Plaintiff Laura Whitehorn is a tenant who brought an action in the small claims division of district court to recover from her landlord the balance retained from her damage deposit upon the termination of her tenancy. Her landlord, Steve Lovik, counterclaimed for additional damages and ultimately obtained judgment by default. Upon discretionary review of the district court's ruling affirming the magistrate's adjudication, we consider plaintiff's dual challenge: (1) that the magistrate improperly denied her timely motion to set aside the default judgment; and (2) that the magistrate improperly construed Iowa Code section 562A.12(3) by entering judgment on the landlord's counterclaim for damages not previously withheld from the tenant's damage deposit. We reverse in part, affirm in part and remand.

The facts are largely undisputed. Upon the expiration of her tenancy at Lovik's apartment, Whitehorn furnished Lovik with her forwarding address and, in conformity with Iowa Code section 562A.12(3) thereafter received from him all but approximately $100 of her damage deposit of $550. Disputing the amount withheld, Whitehorn filed a pro se petition in small claims division, demanding the sum of $114.84. Lovik responded with a general denial and counterclaim in the sum of $315 "based on additional damages in the apartment rented by plaintiff which were not itemized as part of deductions from damage deposit but which are due and owing because of plaintiff's occupancy of the subject premises."

Hearing on Whitehorn's petition was scheduled for October 14, 1985 at 2:30 p.m. Whitehorn sought legal counsel, who, on October 4, 1985, filed a motion to dismiss Lovik's counterclaim. Whitehorn also mistakenly informed her counsel that the trial was to be held October 17, 1985 at 2:30 p.m. On October 17, Whitehorn, her counsel and witness appeared for trial at the appointed time, only to be advised that judgment by default had been entered against her on October 14. Whitehorn promptly filed a motion to set aside the default judgment. The motion was denied by the magistrate who concluded that Whitehorn must suffer the consequences of her carelessness. Upon appeal in accordance with the provisions of section 631.13, Whitehorn challenged not only the denial of her motion to set aside default but the magistrate's entry of judgment on Lovik's counterclaim. The district associate judge hearing the appeal affirmed the magistrate's decision on both counts.

I. We first address the court's ruling on Whitehorn's motion to set aside default judgment.

Iowa Code section 631.10 (1985), the small claims counterpart to Iowa Rule of Civil Procedure 230, provides that "if the plaintiff fails to appear but the defendant appears, the claim shall be dismissed with prejudice by the court with costs assessed to the plaintiff; and if the plaintiff appears but the defendant fails to appear, judgment

may be rendered against the defendant by the court." Section 631.12 directs that a party moving to set aside a default judgment in small claims shall do so in the manner provided by rule of civil procedure 236.

By its terms, rule 236 allows the setting aside of a default judgment only for "good cause shown" based on "mistake, inadvertence, surprise, excusable neglect or unavoidable casualty." Numerous decisions of this court have enunciated the principles by which we are bound to apply these statutes and rules to the facts of the particular case before us.

■ Preliminarily, we note that a trial court is vested with broad discretion in ruling on a motion to set aside a default judgment and such a ruling will be reversed on appeal only if that discretion is abused. *Paige v. Chariton,* 252 N.W.2d 433, 437 (Iowa 1977). Generally, abuse will be found only where there is a lack of substantial evidence to support the trial court's ruling, for the trial court's findings of fact in deciding the motion have the force of a jury verdict. *First National Bank in Lenox v. Claiser,* 308 N.W.2d 1, 3 (Iowa 1981); *Paige,* at 437; *Dealers Warehouse Co. v. Wahl & Associates,* 216 N.W.2d 391, 394 (Iowa 1974). Nevertheless, if there is no factual issue, the question is one of law and we are not bound by the determination of the trial court. *Hobbs v. Martin Marietta Company,* 257 Iowa 124, 130, 131 N.W.2d 772, 776 (1964); *Sher v. Burche,* 353 N.W.2d 859, 863 (Iowa Ct. App.1984).

■ We are further guided by the principle that the purpose of rule 236 is to allow determination of controversies on their merits rather than on the basis of nonprejudicial inadvertence or mistake. *First National Bank in Lenox,* 308 N.W.2d at 3; *Paige,* 252 N.W.2d at 437; *Wharff v. Iowa Methodist Hospital,* 219 N.W.2d 18, 22 (Iowa 1974); *Gordon v. Gordon,* 200 N.W.2d 527, 528 (Iowa 1972).

Turning to the magistrate's ruling in this case, we are advised that "[t]he reason for Plaintiff's failure to appear at the time set for hearing is not disputed." The ruling goes on to succinctly give us the factual and legal basis for its decision to overrule Whitehorn's motion:

Plaintiff, for some reason, misread the notice of hearing and believed her case to be set for a later date. Plaintiff did not provide the notice of hearing to her attorneys and clearly caused her counsel to rely upon her understanding. Plaintiff's actions were at best negligent and probably careless. The court finds that the resulting default herein was the sole result of plaintiff's own conduct and could have been easily avoided.

The plaintiff brought this claim and has a duty to pursue it with diligence. The defendant appeared with his attorney and incurred personal inconvenience and expense. The evidence given in support of his counterclaim clearly reflected that he had been damaged.

In this case the plaintiff must suffer the consequences of her carelessness. While the law favors a determination on the merits of a dispute, setting aside the default herein would not work a just result.

■ The issue thus presented is whether, as a matter of law, the magistrate erred in concluding that Whitehorn's actions fell outside the ambit of protection afforded litigants for mistake, inadvertence or excusable neglect under rule 236.

In *Gordon v. Gordon,* 200 N.W.2d 527 (Iowa 1972), we addressed a strikingly similar factual situation. The defendant in that case was properly served with a notice of hearing which he subsequently misplaced and thereafter inadvertently advised his attorney by telephone that the hearing would be at 10:00 o'clock on December 10. In fact, the hearing was held on December 8 and judgment by default entered on December 9. In sustaining the defendant's motion to set aside default we held

[I]t is apparent from the record defendant in good faith intended to defend against the application of plaintiff for modification of decree but, due to inad-

vertence or mistake, failed to appear and defend at the time fixed for hearing. His diligence and that of his counsel appears to us to have been established. The purpose of rule 236, R.C.P., is to allow determination of controversies on their merits rather than on the basis of nonprejudicial inadvertence or mistake. We conclude the trial court erred in refusing to set aside defendant's apparent default and by not permitting the cause to proceed to a determination on its merits.

*Id.* at 528.

Other cases, decided both before and after *Gordon* have emphasized proof of the defaulting party's diligence in defending the suit as a factor tending to evidence good cause. *Hobbs v. Martin Marietta Company,* 257 Iowa 124, 130, 131 N.W.2d 772, 775 (1964); *Paige v. City of Chariton,* 252 N.W.2d 433, 437 (Iowa 1977); *Wharff v. Iowa Methodist Hospital,* 219 N.W.2d 18, 22 (Iowa 1974).

Additionally, our cases have drawn a distinction between justifications which amount to no more than excuse, plea, or apology, and those reasoned explanations which affirmatively show that the movant intended and set out to defend but failed to do so because of some misunderstanding, accident, mistake or excusable neglect. *Compare In re Marriage of Huston,* 263 N.W.2d 697, 699 (Iowa 1978) (a bald assertion of intention to defend is insufficient) and *Dealers Warehouse v. Wahl & Associates,* 216 N.W.2d 391, 395 (Iowa 1974) (fact finder could conclude defendant more interested in ignoring the case than defending it) *with Paige v. Chariton,* 252 N.W.2d 433, 437 (Iowa 1977) and *Gordon v. Gordon,* 200 N.W.2d 527, 528 (Iowa 1972).

We are persuaded that the magistrate blurred this distinction in the case before us. The magistrate faulted Whitehorn for not having pursued her case with diligence. Yet it is undisputed that after filing a pro se petition she sought counsel, filed a motion to dismiss the counterclaim (on a legal theory she has pursued through this appeal), prepared for trial and appeared at the courthouse with counsel and a witness. No greater effort can reasonably be expected of a small claims litigant. Admittedly, she was mistaken about the date and offers no explanation for her apparent lapse in memory which caused her to convey the inaccurate information to her counsel and witness. But rule 236 does not contemplate a blameless party; it contemplates that some fault actually exists. *First National Bank in Lenox v. Claiser,* 308 N.W.2d at 3 (Uhlenhopp, J., dissenting). Our decisions hold that we should excuse that fault when the circumstances of the case otherwise point to the diligent pursuit of a litigant's claim.

The decision of the magistrate also stresses the inconvenience caused by Whitehorn's "carelessness" should a new trial be granted. Inconvenience to someone, however, is inherent in a situation where mistake has occurred. We are of the view that the inconvenience of a new trial under the circumstances of this case is far outweighed by the justice inherent in a trial on the merits. The magistrate abused his discretion in concluding otherwise and the district court erred in affirming him. The ruling on the motion, therefore, must be reversed.

II. Because we are remanding this case for new trial, we deem it appropriate to briefly address Whitehorn's second contention on appeal which relates to the validity of Lovik's counterclaim which she challenged by a pretrial motion to dismiss.

Iowa Code section 562A.12(3) requires that a landlord shall, within thirty days from the date of termination of the tenancy and receipt of the tenant's mailing address, return the rental deposit to the tenant or furnish to the tenant a written statement showing the specific reason for withholding of the rental deposit or any portion thereof. A landlord who fails to provide such a written statement "shall forfeit all rights to withhold any portion of the rental deposit." § 562A.12(4).

In *Seifert v. Dosland,* 328 N.W.2d 531, 532 (Iowa 1983) we held that the plain language of section 562A.12(4) makes a

landlord's right to withhold a rental deposit dependent upon the landlord's compliance with the written notice requirement. Neither abandonment of the premises by the tenant nor his default in the rental payments furnished an exception to the forfeiture provision of subsection (4). *Id.*

Whitehorn contends that the language of section 562A.12 as interpreted by this court in *Seifert v. Dosland* logically requires that all claims for damages to leased premises must be made by the landlord within the statutory thirty day period. To interpret the statute otherwise, she argues, would frustrate the intent of the legislation ("[t]o simplify, clarify, modernize and revise the law governing the rental of dwelling units and the rights and obligations of landlord and tenant") and encourage retaliatory conduct by landlords. In essence, Whitehorn advances the theory that 562A.12(4) serves as a shortened statute of limitations.

Whitehorn's argument carries a certain appeal, particularly when applied to an area of litigation involving transient parties and relatively nominal amounts in controversy. Nevertheless, we cannot square Whitehorn's argument with a further section of the landlord tenant law which provides:

> Unless displaced by the provisions of this chapter, the principles of law and equity in this state, including the law relating to capacity to contract, mutuality of obligations, principal and agent, real property, public health, safety and fire prevention, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause, shall supplement its provisions.

Section 562A.3.

Other states which have recently addressed the argument advanced by appellant Whitehorn have similarly rejected the notion of a legislative intent to shorten the statute of limitations in landlord/tenant actions. *Durene v. Alcime*, 448 So.2d 1208 (Fla.Ct.App.1984); *Oak Park Village v. Gorton*, 128 Mich.App. 671, 341 N.W.2d

788 (1983). The Florida court, holding that its rental deposit forfeiture statute did not preclude an independent action for damages by landlords, concluded that a variety of statutory penalties would tend to deter landlords from abusing the process. First, a landlord who violates the written notice requirement forfeits access to that particular, readily available fund money. Secondly, the bad faith retention of a damage deposit will subject the landlord to payment of attorneys fees, costs and punitive damages. Third, once the rental deposit issue is resolved and the parties proceed to trial, the landlord must sustain his burden of proof in order to prevail. If he prevails, the landlord must follow the relevant procedures to enforce the judgment, assuming a risk that the former tenant may be judgment proof.

 We conclude that the plain meaning of section 562A.12, which speaks only of returning rental deposits, cannot be read to state a legislative intent to impose, in effect, a thirty day statute of limitations on all claims for damages a landlord may have against a former tenant. Lovik, having returned a substantial portion of Whitehorn's rental deposit and having given written justification for his retention of the balance, is not precluded from pursuing his counterclaim in the trial of this case. Because no record was made on this substantive issue, we are unable to address appellant's third contention that her proposed equitable defenses are sufficient to defeat Lovik's counterclaim as a matter of law.

The trial court properly overruled Whitehorn's motion to dismiss and the case is hereby remanded for trial in accordance with this opinion.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

All Justices concur except LARSON, HARRIS and McGIVERIN, JJ., who dissent.

LARSON, Justice (dissenting).

The majority concludes that, because this plaintiff in a small claims action had made

a mistake as to the date of the hearing, the magistrate was obliged to set aside a default entered when she did not appear. Rule 236, however, provides that, upon a showing of good cause, the court *may* set aside a default. Whether the court does so in fact is still a matter of discretion. I do not believe an abuse of that discretion was established.

HARRIS and McGIVERIN, JJ., join this dissent.