**FRONTIER AIRLINES, INC.,**
Petitioner,

v.

**INDUSTRIAL COMMISSION OF the STATE of Colorado, Colorado Division of Employment and Training, and Larry E. Jackson, Respondents.**

No. 85CA0619.

Colorado Court of Appeals,
Div. I.

April 3, 1986.

William E. Benjamin, Boulder, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Kathryn J. Aragon, Asst. Atty. Gen., Denver, for respondents Industrial Com'n and Colorado Div. of Employment and Training.

No appearance for respondent Larry E. Jackson.

BERMAN, Judge.

In this unemployment compensation case, Frontier Airlines (employer) seeks review of a final order of the Industrial Commission which upheld a referee's determination that claimant, Larry E. Jackson, had good cause for a late appeal and which awarded claimant unemployment compensation benefits. We affirm.

Claimant was terminated by employer and filed a claim for unemployment benefits. On October 15, 1984, the deputy denied claimant benefits.

On November 2, 1984, claimant filed his request for administrative appeal which contained a notarized statement as to the untimeliness of the appeal. Claimant stated that "[t]he reason that this appeal letter is two days beyond 15 days is because I had to wait for more information for a complete appeal."

After a hearing, the referee concluded that Industrial Commission Regulation 12.-1.14 was applicable and that claimant had established good cause for late filing because the "appeal was filed only three days after the statutory deadline, and there is no evidence that the employer has been prejudiced by this delay." The referee also awarded unemployment benefits, concluding that claimant was not at fault for his separation. These conclusions were affirmed by the Industrial Commission.

■ The employer contends that the Commission erred in finding that claimant had shown good cause for his late appeal of the deputy's decision. We disagree.

Industrial Commission Regulation 12.1.-14, 7 Code Colo.Reg. 1101–2, provides substantive guidelines for the appeals referee to apply in making good cause determinations. Among the relevant factors are:

"whether the party acted in the manner that a reasonably prudent individual would have acted under the same or similar circumstances, whether the party received timely notice of the need to act, whether there was administrative error by the Division, whether there were factors outside the control of the party which prevented a timely action, the efforts made by the party to seek an extension of time by promptly notifying the Division, the party's physical inability to take timely action, the length of time the action was untimely, and whether any other interested party has been prejudiced by the untimely action."

Here, the Commission considered and made findings as to the length of time the action was untimely and whether the employer was prejudiced by the untimely action. The record does not establish that other factors listed in the regulation were relevant to a good cause determination. *See Esparza v. Industrial Commission,* 702 P.2d 288 (Colo.App.1985).

■ Nor do we find any merit to employer's argument that claimant failed to file "a sworn written statement" as required by Industrial Commission Regulation 12.1.7, 7 Code Colo.Reg. At the bottom of the statement, above claimant's signature, are the words, "I certify that the above information is true, complete and correct to the best of my knowledge, information and belief." By signing this statement, claimant was swearing that the information which he submitted was true to the best of his knowledge. The notary then properly notarized claimant's signature as the person who prepared the statement.

■ The employer finally contends that the Commission erred in not disqualifying claimant from the receipt of benefits pursuant to § 8–73–108(5)(e)(VII), C.R.S. (1985 Cum.Supp.) because claimant was terminated from employment for violation of company rules.

Even if there are findings to support their application, the disqualifying provisions of § 8–73–108(5) are not mandatory if the totality of the circumstances establishes that a claimant was unemployed through no fault of his own. *Zelingers v. Industrial Commission,* 679 P.2d 608 (Colo.App. 1984). The determination of who is at fault in causing a job separation is a question of fact to be determined by the Commission, and it will not be set aside by this court if supported by substantial evidence. *Sims v. Industrial Commission,* 627 P.2d 1107 (Colo.1981).

Here, the evidence established, and the Commission found, the following evidentiary facts. Claimant was terminated by employer because employer believed claimant had violated a company policy prohibiting the falsification of records by submitting a timecard that reported incorrect work hours. The information on the card was incorrect because unforeseen circumstances had prevented claimant from working an entire shift. At the time claimant submitted the timecard, he was planning to work an entire shift and, therefore, did not intentionally provide false information. From these facts, the Commission concluded that the "claimant's termination was not the result of his volitional acts ... and he was not at fault in causing his separation from the employer." In the absence of a volitional act, there can be no "fault" on claimant's part within the meaning of the unemployment statute. *See Zelingers v. Industrial Commission, supra;* § 8–73–108(4), C.R.S. (1985 Cum.Supp.).

Order affirmed.

PIERCE and TURSI, JJ., concur.