**PEPSI COLA BOTTLING COMPANY OF CEDAR RAPIDS, Appellee,**

v.

**EMPLOYMENT APPEAL BOARD and Donald W. Styron, Appellants.**

No. 90-611.

Court of Appeals of Iowa.

Dec. 27, 1990.

William C. Whitten of the Employment Appeal Bd., for appellants.

Glenn Johnson of Shuttleworth & Ingersoll, P.C., Cedar Rapids, for appellee.

Heard by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

SCHLEGEL, Presiding Judge.

Respondents, Employment Appeal Board and Donald W. Styron, appeal a district court ruling reversing a decision by the Appeal Board which affirmed an administrative law judge's finding that the appeal of petitioner Pepsi Cola Bottling Company of Cedar Rapids was untimely. We agree with the decisions of the administrative law judge and the Appeal Board and, therefore, reverse the judgment of the district court.

Styron was discharged by Pepsi based on allegations of misconduct. He filed a claim for unemployment insurance benefits. A

claims deputy for Job Service determined on August 11, 1989, that Pepsi had failed to establish misconduct and awarded benefits. The decision, dated August 11, 1989, notified the parties, "THIS DECISION BECOMES FINAL UNLESS AN APPEAL IS POSTMARKED BY 08/21/89, OR RECEIVED BY JOB SERVICE APPEAL SECTION BY THAT DATE."

The facts, as they pertain to this appeal, are not in dispute. Pepsi received the decision of the claims deputy and decided to appeal. On August 21, 1989, the last day to enter an appeal, Pepsi's operations manager, Wayne Glenn, placed the company's letter of appeal in an envelope. (The envelope is attached as Exhibit "A.") Using a company postage meter, Glenn put the proper first class postage on the envelope. The postage meter placed the date August 21 on the envelope. Sometime after business hours on August 21, Glenn deposited the envelope containing the letter of appeal in a mail box at the Cedar Rapids Post Office. The envelope bears a postmark dated August 22, 1989.

After a hearing on the appeal, an administrative law judge determined that the appeal was not timely. Looking to Iowa Code section 96.6(2) and 345 Iowa Administrative Code sections 6.2(96)(1) and 4.35(96)(1), the administrative law judge held that appeals are considered filed when postmarked, if they are mailed. The judge, therefore, found himself without authority to change the decision of the Job Service representative. The Employment Appeal Board agreed.

On Pepsi's petition for judicial review, the district court held that Pepsi's appeal was timely because uncontroverted evidence showed that the notice of appeal was deposited in a mail box on August 21. The court stated, "This was clearly within the ten day appeal period and sufficient to vest jurisdiction in the agency to decide the merits of Pepsi's appeal." The appeal board appeals this ruling and the court's order remanding the case to be decided on its merits.

■ Petitioner's action was properly brought under the provisions of Iowa Code section 17A.19 (1989). Our scope of review in cases arising out of the Iowa Administrative Procedure Act is limited under Iowa Code section 17A.20 to the correction of errors of law. *Foods, Inc. v. Iowa Civil Rights Comm'n*, 318 N.W.2d 162, 165 (Iowa 1982). The review function of the district court under section 17A.19 is to correct errors of law which are specified in section 17A.19(8). When we review decisions of the district court which were rendered in its capacity as an appellate body under section 17A.19, the issue for our determination is whether the district court correctly applied the law. *Budding v. Iowa Dep't of Job Serv.*, 337 N.W.2d 219, 221 (Iowa App.1983). In order to make that determination, we apply the standards of section 17A.19(8) to the agency action to determine whether this court's conclusions are the same as those of the district court. *Jackson County Pub. Hosp. v. Public Employment Relations Bd.*, 280 N.W.2d 426, 429–30 (Iowa 1979).

■ Iowa Code section 96.6(2) states, in relevant part:

Unless the claimant or other interested party, after notification or within ten calendar days after notification was mailed to the claimant's last known address, files an appeal from the decision, the decision is final and benefits shall be paid or denied in accordance with [the initial determination]. . . .

The Job Service Division's rules state, in relevant part:

Except as otherwise provided by statute or by division rule, any . . . appeal, . . . notice, . . . or document submitted to the division shall be considered received by and filed with the division:

*a.* If transmitted via the United States postal service . . ., on the date it is mailed as shown by the postmark, or in the absence of a postmark the postage meter mark of the envelope in which it is received. . . .

345 Iowa Admin.Code § 4.35(96)(1) (1989). In *Messina v. Iowa Department of Job Service*, 341 N.W.2d 52, 56 (Iowa 1983), the supreme court approved a rule that was

identical to section 4.35(96) except for technical changes made to accommodate a reorganization of employment agencies. The court noted that the rule is within the authority granted the agency by the legislature. *Id.* (citing *Cosper v. Iowa Dep't of Job Serv.*, 321 N.W.2d 6, 8 (Iowa 1982)).

Section 4.35(96)(1) is absolutely clear on its face. The rule states that if appeal is transmitted by mail it will be considered received and filed "on the date it is mailed *as shown by the postmark.*" (Emphasis added.) The rule then states that only "in the absence of a postmark" will the date as shown by the postage meter mark be considered the date of receipt and filing. We conclude that section 4.35(96)(1) is within the authority of the agency and that it controls in this situation. *See Cosper v. Iowa Dep't of Job Serv.*, 321 N.W.2d 6, 8 (Iowa 1982). Because the envelope is postmarked August 22, the administrative law judge was correct in finding that he was without authority and in dismissing the appeal.

We hold the district court erred in concluding that the appeal was timely and reverse its decision.

REVERSED.

EXHIBIT A

PEPSI-COLA BOTTLING COMPANY
400 SIXTH AVENUE S.E.
P.O. BOX 938
CEDAR RAPIDS, IOWA 52406

Job Service of Iowa
Appeals Section
1000 East Grand Avenue
Des Moines, IA  50319