Timothy J. HOULIHAN, Appellee,

v.

**EMPLOYMENT APPEAL BOARD, Appellant.**

No. 94–2114.

Supreme Court of Iowa.

March 20, 1996.

---

Joe E. Smith, Employment Appeal Board, for appellant.

Van T. Tran of Legal Services Corporation of Iowa, Waterloo, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

SNELL, Justice.

The Employment Appeal Board appeals from a decision of the district court reversing and remanding its decision that denied Timothy J. Houlihan unemployment benefits on the ground that his appeal was not filed in time. We now affirm the decision of the district court and remand to the Board for further hearing.

I.  Factual and Procedural Background

Claimant Houlihan applied for unemployment benefits which were denied by the administrative law judge (ALJ) on the ground of misconduct. The Board affirmed that decision. On appeal the district court remanded the case for a hearing because the agency had violated due process by failing to give

him sufficient notice. On remand, a different ALJ found that Houlihan was discharged for misconduct.

■ Houlihan tried to appeal this second decision acting as his own attorney. On October 25, 1993 he mailed his notice of appeal to the Employment Appeal Board. His appeal was due on October 25, 1993 and was postmarked October 27, 1993. The Board uses the date of postmark as the date of appeal. *See Pepsi Cola Bottling Co. v. Employment Appeal Bd.*, 465 N.W.2d 674, 675 (Iowa App.1990); Iowa Admin.Code r. 486–3.1(3). Acknowledgement of the appeal by the Board dated October 29 was sent by the Board to Houlihan, telling him that the Board would consider the timeliness of the appeal and that he had ten days to submit briefs and arguments. Houlihan mailed his written argument and it was received on November 10, 1993.

## II. Scope of Review

■ A district court's decision rendered in an appellate capacity is reviewed to determine whether the district court correctly applied the law. *Foods, Inc. v. Iowa Civil Rights Comm'n*, 318 N.W.2d 162, 165 (Iowa 1982). To make that determination the court applies the standards of Iowa Code section 17A.19(8) (1993) to the agency action to determine if its conclusions are the same as the district court's. *Jackson County Pub. Hosp. v. Public Employment Relations Bd.*, 280 N.W.2d 426, 429–30 (Iowa 1979). Iowa Code section 17A.19(8) provides that an agency decision may be reversed if substantial rights of an individual have been prejudiced and if the action is unsupported by substantial evidence or affected by errors of law.

## III. Analysis

In our review of this record we note that confusion as to the issue addressed has been prevalent on all sides. Houlihan thought he had been granted the right to proceed with a late appeal. He thought he had requested time to gain legal representation but the Board interpreted his request as one for time to file briefs. Knowing that he had already stated reasons for mailing his appeal on October 25, which was to show good cause, he

proceeded and filed a lengthy, twelve-page, statement as to why the administrative law judge's decision was wrong. The Board thereupon determined it had no jurisdiction because the appeal was postmarked October 27, and therefore not on time. Throughout, the arguments proffered and the decisions resulting have not been in sync.

Finding that the proceeding as it evolved lacked traditional notions of fair play and justice, the district court reversed the Board's dismissal of the appeal and remanded for a hearing on the merits. In so doing, the court found that the Board's decision did not address any of the grounds raised by Houlihan in his request of November 10, 1993, as cause for an extension.

The law regulating appeals from the ALJ to the Employment Appeal Board is found in Iowa Administrative Code rule 486–3.1(17) which states as follows:

> The appeal board shall dismiss appeals which are not filed within fifteen days from the date of the Administrative Law Judge's decision unless good cause for the delay has been shown.

■ By its decision the district court held that good cause for Houlihan's delay in filing his appeal was established as a matter of law. In so doing, the court, though finding error by the Board, removed the Board from the fact finding process on the issue of good cause. We have held in another context that the question of good cause is a fact issue within the discretion of the Board to decide. *Norland v. Iowa Dep't of Job Serv.*, 412 N.W.2d 904, 914 (Iowa 1987). We hold that the same is true of the issue of good cause here.

■ The district court finding that the Board failed to make a decision on the good cause issue is accurate. Considerable evidence was presented in this record by Houlihan to support his contention that good cause was established. On remand, the Board should set the matter for a hearing and consider this evidence and such other evidence as may be presented on the good cause issue. Good cause is not limited, as suggested by the Board, to only those factors causing delay that are outside the control of the

claimant. *See, e.g., Frontier Airlines, Inc. v. Industrial Comm'n*, 719 P.2d 739 (Colo.Ct. App.1986); *Devine v. Employment Security Dep't*, 26 Wash.App. 778, 614 P.2d 231 (1980).

 The good cause showing that is necessary in rule 486–3.1(17) is akin to the "good cause" that must be shown in setting aside a default judgment under Iowa Rule of Civil Procedure 236. In *Dealers Warehouse Co. v. Wahl & Associates*, 216 N.W.2d 391, 394 (Iowa 1974), we stated as follows regarding good cause:

> What constitutes good cause in relation to grounds of mistake, inadvertence and excusable neglect has been settled in our cases. Good cause is a sound, effective, truthful reason, something more than an excuse, a plea, apology, extenuation, or some justification for the resulting effect. The movant must show his failure to defend was not due to his negligence or want of ordinary care or attention, or to his carelessness or inattention. He must show affirmatively he did intend to defend and took steps to do so, but because of some misunderstanding, accident, mistake or excusable neglect failed to do so. Defaults will not be vacated where the movant has ignored plain mandates in the rules with ample opportunity to abide by them.

Stating that the purpose of rule 236 is for a determination on the merits rather than on the basis of nonprejudicial inadvertence or a mistake, we reversed a refusal to set aside a default in small claims court because the defendant had been diligent in pursuing her case but had made a mistake in reading her notice and consequently communicated the wrong date of her hearing to her attorney. *Whitehorn v. Lovik*, 398 N.W.2d 851, 854 (Iowa 1987). Our decision instructed that consideration should be given to the defaulting party's diligence in defending the suit as a factor tending to evidence good cause. We stated "our decisions hold that we should excuse that default when the circumstances of the case otherwise point to the diligent pursuit of a litigant's claim." *Id.*

■ Like rule 236, the purpose of rule 486–3.1(17) is to allow late notice in order to prevent unfair and arbitrary denial of appeals in specific instances. The fifteen-day deadline is primarily to ensure order and promptness and was not intended automatically to deprive good faith late appeals of a review on the merits.

■ This interpretation conforms to our guide that employment security law should be interpreted liberally to achieve the legislative goal of minimizing the burden of involuntary unemployment. *Cosper v. Iowa Dep't of Job Serv.*, 321 N.W.2d 6, 10 (Iowa 1982).

We affirm the decision of the district court as modified and remand to the Board for further hearing in conformance with this opinion.

**AFFIRMED AS MODIFIED.**