# IN THE COURT OF APPEALS OF IOWA

No. 21-1861
Filed March 29, 2023

**HUSSEIN S. YOUSIF,**
    Plaintiff-Appellant,

**vs.**

**IOWA WORKFORCE DEVELOPMENT,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Sarah Crane, Judge.

Hussein Yousif appeals the district court's ruling on judicial review affirming the agency decision denying his claim for pandemic unemployment assistance benefits. **AFFIRMED.**

Hussein S. Yousif, Des Moines, self-represented appellant.

Brenna Bird, Attorney General, and Benjamin J. Flickinger (until withdrawal) and Samuel P. Langholz, Assistant Attorneys General, and Jeffrey P. Koncsol, Des Moines, for appellee.

Considered by Badding, P.J., Buller, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**DANILSON, Senior Judge.**

Hussein Yousif appeals the district court's ruling on judicial review affirming the agency decision denying his claim for pandemic unemployment assistance benefits. Upon our review, we affirm the decision of the district court.

## I.    *Background Facts and Procedure*

Hussein Yousif filed a claim with Iowa Workforce Development for pandemic unemployment assistance (PUA) benefits. The agency denied the application upon determining Yousif was "not considered unemployed, partially unemployed, or unable or unavailable to work for one of the qualifying reasons identified under section 2102(a)(3)(A)(ii)(I) of the Coronavirus Aid, Relief, and Economic Security (CARES) Act." Yousif appealed. Following a hearing, an administrative law judge affirmed the decision finding Yousif ineligible for PUA benefits. The decision, which was "dated and mailed on December 14, 2020," stated it "shall become final unless [Yousif appealed to the Employment Appeal Board] within fifteen (15) days."

Yousif appealed to the board on December 31, seventeen days after the administrative law judge's decision. The board acknowledged receipt of Yousif's appeal, but "prior to assuming jurisdiction," ordered the parties to "submit briefs and arguments regarding the timeliness of the appeal." Yousif did not provide any additional information or other filings arguing he had good cause to appeal. On February 1, the board thereafter entered a decision affirming the administrative law judge's December 14 decision denying benefits as "final," stating in part, "Good cause for the late filing was not shown. The appeal was not filed in a timely manner."

Yousif subsequently sought judicial review by the district court. At the hearing, with regard to the issue of timeliness, Yousif stated, "[W]hen they decided, you know, go through the appeals within their system, basically, from there is that when I tried it, it was like a little bit of delay because I was looking at federal court papers." Yousif provided no other explanation why his appeal was untimely. The district court thereafter entered an order dismissing Yousif's petition for judicial review, finding Yousif "failed to timely appeal and then failed to present any explanation to support good cause." The court further found Yousif "has not demonstrated a lack of substantial evidence supported the [board]'s determination or that the determination was an abuse of discretion, arbitrary, or otherwise unreasonable." Yousif now appeals the district court's order.

## II.    Standard of Review

"When reviewing the decision of the district court's judicial review ruling, we determine if we would reach the same result as the district court in our application of the Iowa Administrative Procedure Act." *Sladek v. Emp. Appeal Bd.*, 939 N.W.2d 632, 637 (Iowa 2020) (citation omitted). Whether good cause for an untimely appeal exists "is a fact issue within the discretion of the [Employment Appeal] Board to decide." *Houlihan v. Emp. Appeal Bd.*, 545 N.W.2d 863, 865 (Iowa 1996). We generally defer to the agency's findings of fact if supported by substantial evidence. *See Sladek*, 939 N.W.2d at 637 (citing Iowa Code § 17A.19(10)(f)). "Substantial evidence is 'the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance.'" *Hintermeister*

*v. Emp. Appeal Bd.*, No. 22-0187, 2023 WL 395071, at *2 (Iowa Ct. App. Jan. 25, 2023) (quoting Iowa Code § 17A.19(10)(f)(1)).

### III.    *Discussion*

On appeal, Yousif contends he "did in fact send out motion for reconsideration on October 24, 2021 explaining all of the reasons why [his] 2-day delay [should be excused] for medical reasons health issue," but the district court denied his motion.  Indeed, Yousif's motion for reconsideration—filed after the district court's order dismissing his petition for judicial review—claimed he "tried" to file his appeal on December 30, 2020,[1] but he encountered "weather issues snow" and he also had "health issues at the time."[2]

The law regulating appeals from the administrative law judge to the Employment Appeal Board is found in Iowa Administrative Code rule 486–3.1(10A), which states as follows: "A party aggrieved by a decision of an administrative law judge may appeal to the employment appeal board within 15 days from the date of the decision."  The rule further provides: "The appeal board shall dismiss appeals which are not filed within 15 days from the date of the administrative law judge's decision, unless good cause for the delay has been shown."  Iowa Admin. Code r. 486–3.1(16)(10A).  Good cause has been defined as "a sound, effective, truthful reason, something more than an excuse, a plea,

---

[1] We observe December 30, 2020 was also beyond the fifteen-day deadline.

[2] We note that even assuming, arguendo, Yousif's statements before the district court could support a finding of good cause, the court was unable to consider evidence not previously presented to the agency.  *See* Iowa Code § 17A.19(7) ("In proceedings for judicial review of agency action in a contested case, however, a court shall not itself hear any further evidence with respect to those issues of fact whose determination was entrusted by the Constitution or a statute to the agency in that contested case proceeding.").

apology, extenuation, or some justification for the resulting effect." *Houlihan*, 545 N.W.2d at 866. As the supreme court has observed, "The fifteen-day deadline is primarily to ensure order and promptness and was not intended automatically to deprive good faith late appeals of a review on the merits." *Id.*

Here, it is undisputed Yousif's appeal to the board was filed two days past the fifteen-day deadline. Even so, the board filed an "acknowledgment of appeal," directing Yousif to provide argument "regarding the timeliness of the appeal" within "ten (10) days." Yousif offered no explanation for his late appeal. *But see id.* at 866 (observing a claimant must show "his failure to defend was not due to his negligence or want of ordinary care or attention, or to his carelessness or inattention," and that "affirmatively he did intend to defend and took steps to do so, but because of some misunderstanding, accident, mistake or excusable neglect failed to do so"). Without any reasoning or explanation provided, the board accordingly concluded Yousif had not shown "good cause for the delay in filing." *See, e.g.*, *City of Harlan v. Thygesen*, No. 21-0265, 2022 WL 951137, at *3 (Iowa Ct. App. Mar. 30, 2022) ("The absence of evidence to support a finding necessarily means the absence of substantial evidence to support the finding."). Indeed, the district court noted Yousif "stated in the hearing before this Court that the appeal was late because it slipped his mind and he was busy working on a separate federal court matter." The court further found:

> There is no dispute in the certified record that Petitioner's appeal to the EAB was filed late. Further, when offered the opportunity to explain the untimely appeal, Petitioner failed to respond.
> . . . .
> Here, the EAB was not presented with any facts to support a determination of good cause because Petitioner failed to address the

issue of timeliness before the EAB. Although the Petitioner now asserts the deadline slipped his mind and he was busy addressing a different federal court case, those explanations were not provided to the EAB. In *Houlihan v. Employment Appeal Bd.*, 545 N.W.2d 863 (Iowa 1996), the Iowa Supreme Court remanded for a determination of good cause where "considerable evidence" supported the contention of good cause and the EAB had failed to make a decision on whether there was good cause. Here, the EAB provided the opportunity for Petitioner to address the timeliness, Petitioner did not respond, and the EAB therefore made a decision that good cause was not established.

The Court finds the Petitioner has not demonstrated a lack of substantial evidence supported the EAB's determination or that the determination was an abuse of discretion, arbitrary, or otherwise unreasonable. Petitioner failed to timely appeal and then failed to present any explanation to support good cause.

We acknowledge Yousif's notice of appeal left no doubt that he wanted to appeal. However, Yousif not only submitted his notice of appeal late, when given the opportunity to provide reasons to the EAB to support good cause for the late filing, Yousif failed to respond. Upon our review, we affirm the district court's denial of Yousif's petition for judicial review of the underlying agency action finding Yousif had not shown good cause for his untimely appeal.

**AFFIRMED.**