# IN THE COURT OF APPEALS OF IOWA

No. 22-0045
Filed March 29, 2023

AIDEN J. STRATTON a/k/a AIDEN J. CARR,
    Petitioner-Appellant,

vs.

EMPLOYMENT APPEAL BOARD,
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Polk County, Samantha Gronewald,

Judge.

    An individual appeals the denial of his application for Pandemic

Unemployment Assistance benefits. **AFFIRMED.**

    Christopher Stewart of Gribble, Boles, Stewart & Witosky Law, Des Moines,

for appellant.

    Rick Autry of the Employment Appeal Board, Des Moines, for appellee.

    Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**AHLERS, Presiding Judge.**

Aiden Stratton[1] applied for Pandemic Unemployment Assistance (PUA) benefits in May 2020. Iowa Workforce Development (IWD) denied his application on August 20 and mailed notice of the decision to Stratton's home address in Ames on that date.[2] The notice informed Stratton of his appeal rights and stated that any appeal must be postmarked by August 31. Stratton's mother emailed notice of appeal on September 9.

Following an appeal hearing, an administrative law judge (ALJ) affirmed the denial of Stratton's PUA benefits because he failed to file a timely appeal. Stratton appealed the ALJ's decision to the Employment Appeal Board (EAB), which affirmed the ALJ's decision. Stratton then petitioned for judicial review. The district court affirmed the EAB's decision. Stratton appeals.

## I. Overview of Appellate Review of Agency Action

This case involves judicial review of agency action, which is governed by Iowa Code section 17A.19 (2021). When reviewing agency action pursuant to section 17A.19, the district court acts in an appellate capacity. *Lowe's Home Ctrs., L.L.C. v. Iowa Dep't of Revenue*, 921 N.W.2d 38, 45 (Iowa 2018). On appeal, as we are reviewing the district court acting in an appellate capacity, we apply the same standards of section 17A.19(10) to determine if we reach the same result as the district court. *Id.* If we reach the same decision, we affirm. *Carreras v. Iowa*

---

[1] The appellant is referred to both as Aiden Stratton and Aiden Carr in the record. As Aiden Stratton is used more consistently throughout the record, we will use that name.

[2] The address Stratton provided in his application was to his mother's home in Ames. Stratton was attending college in Fort Dodge at the time, but he still used the Ames address to receive his mail.

*Dep't of Transp.*, 977 N.W.2d 438, 444 (Iowa 2022). If not, we may grant relief from agency action if we determine that substantial rights of the party seeking judicial review have been prejudiced because the agency's action falls within any of the criteria listed in section 17A.19(10)(a) through (n). *Id.* The standard of review we apply depends on the type of error asserted. *Banilla Games, Inc. v. Iowa Dep't of Inspections and Appeals*, 919 N.W.2d 6, 12 (Iowa 2018). We will discuss the specific standard of review under each issue raised.

## II.     Issues Presented

Stratton raises three issues. He contends: (1) substantial evidence does not support the finding that Stratton was notified of the decision to deny benefits; (2) the decision to deny his appeal as untimely is inconsistent with the agency's rule and precedent; and (3) the decision to deny his appeal as untimely was arbitrary and capricious. We address each issue in turn.

### A.     Substantial Evidence

#### 1.     Standard of Review

Stratton's challenge to the sufficiency of the evidence supporting the agency action implicates section 17A.19(10)(f). With review under paragraph (f), we defer to the EAB's fact findings if supported by substantial evidence. *Sladek v. Emp. Appeal Bd.*, 939 N.W.2d 632, 637 (Iowa 2020); *Titan Tire Corp. v. Emp. Appeal Bd.*, 641 N.W.2d 752, 755 (Iowa 2002) ("[I]f the agency's findings of fact are supported by substantial evidence, those findings are binding on judicial review." (alteration in original) (quoting *PanDa Eng'g v. Eng'g & Land Surveying Examining Bd.*, 621 N.W.2d 196, 198 (Iowa 2001))). Substantial evidence means evidence

that a reasonable person would accept as adequate to reach a conclusion, even if a reviewing court might reach a different conclusion. *Titan*, 641 N.W.2d at 755.

### 2.    Analysis

There is no dispute that Stratton did not submit his notice of appeal of the IWD decision in the ten-day period required by Iowa Code section 96.6(2) (2020).[3] Instead, Stratton challenges the adequacy of the decision notice. The crux of his claim is that the written notice he received did not adequately inform him that a denial decision had been made, so, in effect, he received no notice of the decision and had no way of knowing that he needed to appeal. *See Smith v. Iowa Emp. Sec. Comm'n*, 212 N.W.2d 471, 473 (Iowa 1973) ("[T]he notice provided for must at least be one which is reasonably calculated to accomplish its purpose.").

The EAB rejected Stratton's contention and found the written notice adequately informed Stratton of the denial of his claim. While the decision notice could undoubtedly be improved and made clearer, there is still substantial evidence supporting the EAB's finding that the notice adequately advised Stratton that a denial decision had been made and he needed to appeal if he was dissatisfied with the decision. The evidence includes the document itself. The document Stratton received included the statement "THIS IS AN OFFICIAL DETERMINATION OF YOUR PANDEMIC UNEMPLOYMENT ASSISTANCE ENTITLEMENT." The document repeatedly described itself as "this decision" and included a "decision date." It also informed Stratton that "benefits are not payable

---

[3] In pertinent part, section 96.6(2) reads: "Unless the claimant or other interested party, after notification or within ten calendar days after notification was mailed to the claimant's last known address, files an appeal from the decision, the decision is final and benefits shall be paid or denied in accordance with the decision."

to individuals whose employment is not covered under eligibility requirements." The document also spelled out appeal rights and deadlines. It explained "[t]his decision becomes final unless an appeal is postmarked by August 31, 2020." The information in the decision notice reasonably conveyed the fact that a denial decision had been made.

In addition to the information contained in the document, Stratton's testimony provides additional evidence supporting the EAB's finding. Stratton testified that he continued to receive mail at his mother's residence in Ames rather than where he was living in Fort Dodge. He also acknowledged he only checked his mail "once every two weeks." When asked why he didn't file an appeal by August 31, Stratton never said he didn't understand that the document was an adverse decision. Instead, he responded, "I wasn't able to because I was at school and I was unsure how to and was unable to determine if I was eligible or not." He also admitted that he never called the telephone number provided in the notice of decision that invited calls to that number if assistance was needed in "understanding of the information in the document." This evidence suggests the late filing was caused by inattention, lack of diligence, or neglect on Stratton's part, rather than a material omission in the notice.

Based on the information contained in the decision notice and Stratton's testimony, we conclude substantial evidence supports the EAB's finding that Stratton received adequate notice of the denial decision. So, Stratton fails on his challenge to the sufficiency of the evidence.

### B.    Agency Rule and Precedent

#### 1.    Standard of Review

Stratton further contends that the denial of his appeal as untimely is inconsistent with the agency's rule and precedent.    This implicates section 17A.19(10)(g) and (h).  While we do not appear to have any appellate cases addressing the standard of review for challenges under section 17A.19(10)(g), we view such challenges as akin to challenges under paragraph (h), as challenges under both paragraphs address an agency's claimed failure to follow its own rules.  As both paragraphs address similar agency conduct, we will apply the same standard of review under paragraph (g) as under paragraph (h).    With review under section 17A.19(10)(h)—and now section 17A.19(10)(g)—agency action may be overturned when it is unreasonable, arbitrary, capricious, or an abuse of discretion.  *See Office of Consumer Advoc. v. Iowa Utils. Bd.*, 770 N.W.2d 334, 341–42 (Iowa 2009).  A decision is arbitrary or capricious when it is made "without regard to the law or facts of the case."  *Banilla Games*, 919 N.W.2d at 19 (quoting *Dico, Inc. v. Iowa Emp. Appeal Bd.*, 576 N.W.2d 352, 355 (Iowa 1998)).  "Discretion is abused when it is exercised on grounds clearly untenable or to an extent clearly unreasonable."  *Id.* (quoting *Martin Marietta Materials, Inc. v. Dallas Cnty.*, 675 N.W.2d 544, 553 (Iowa 2004)).

#### 2.    Analysis

In support of his claim that the EAB did not follow its own rules and precedent, Stratton relies primarily on IWD rule 24.35(2), which states: "The submission of any . . . appeal . . . not within the specified statutory or regulatory period shall be considered timely if it is established to the satisfaction of the division

that the delay in submission was due to division error or misinformation . . . ." Iowa Admin. Code r. 871–24.35(2).[4] Stratton reprises his argument from the prior issue, arguing that the claimed lack of clarity of the decision notice amounted to division error or misinformation. For the same reasons we rejected his challenge to the sufficiency of the evidence regarding the adequacy of the notice, we find no error or misinformation in the notice. The EAB's action in rejecting Stratton's challenge on this basis was not unreasonable, arbitrary, capricious, or an abuse of discretion, so we affirm on this issue as well. *See Office of Consumer Advoc.*, 770 N.W.2d at 341–42 (permitting reversal of agency action under section 17A.19(10)(h) only when the action is unreasonable, arbitrary, capricious, or an abuse of discretion).

### C. Otherwise Arbitrary and Capricious Action

---

[4] Stratton cites to no agency precedent that he claims the EAB did not follow, so we view his challenge to be limited to the claimed failure to follow rule 24.35(2). He does cite two supreme court cases. We are not convinced that Stratton can obtain relief under section 17A.19(10)(h) for any claimed failure by the EAB to follow supreme court precedent, as paragraph (h) refers to prior agency precedent, not case law precedent. Of course, any failure of EAB to follow controlling supreme court precedent may implicate other paragraphs of section 17A.19(10), but Stratton has not raised claims under other paragraphs of 17A.19(10).

We also note that neither case cited by Stratton influences the outcome here. In *Eves v. Employment Security Commission*, the supreme court upheld the district court's decision to reverse the agency's denial of benefits to an employee after he failed to attend a hearing, finding the employee was not given notice of the hearing. 211 N.W.2d 324, 325–26 (Iowa 1973). Here, there is no question Stratton received notice. The issue is over the adequacy of the notice. *Eves* does not control the outcome here.

Likewise, Stratton's reliance on *Houlihan v. Employment Appeal Board* to assert there is a good cause exception is misplaced. 545 N.W.2d 863 (Iowa 1996). *Houlihan* involved a late appeal of the ALJ's decision to the EAB, which is governed by the EAB's rules. *Id.* at 865. Those rules provide for a fifteen-day period and a good cause exception. *Id.* (citing Iowa Administrative Code rule 486–3.1(17) (now rule 486–3.1(16)). In contrast, the late appeal here concerns the intra-department appeal from the IWD decision, which is governed by the ten-day deadline provided in Iowa Code section 96.6(2) with no good cause exception. *Houlihan* does not apply in this case.

Stratton's final challenge is that the EAB's decision to reject his appeal as untimely was arbitrary and capricious. This implicates section 17A.19(10)(n), which allows relief from agency action when the action is "[o]therwise unreasonable, arbitrary, capricious, or an abuse of discretion." The standard of review under paragraph (n) is self-explanatory. Stratton makes no argument on this issue that is appreciably different from that made on the prior issues. He again asserts that the claimed deficiency in the detail of the decision notice makes it arbitrary and capricious to reject his appeal as untimely. As we have already rejected that contention in addressing the previous issues, we need not repeat the analysis but simply state that we again reject Stratton's claim for the same reasons.

## III. Conclusion

Substantial evidence supports the EAB's decision that Stratton received adequate notice of the denial of his application for PUA benefits, so he was not excused from meeting the ten-day statutory appeal deadline. The EAB's decision to reject Stratton's appeal as untimely was not inconsistent with agency rule or precedent, and it was not arbitrary and capricious.

**AFFIRMED.**